UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton, </br></br>      Plaintiff, </br></br>v. </br></br>Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation, </br></br>      Defendant. | Case No. 23-cv-00031 </br></br>**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF BRANDON L. OGDEN** </br></br>**\*ORAL ARGUMENT REQUESTED\*** |

COMES NOW Defendant Dakota Minnesota & Eastern Railroad Corporation, d/b/a Canadian Pacific ("CP"), pursuant to the Court's Scheduling Order and Discovery Plan (Dkt. 18) as most recently modified by the Court's Order continuing deadlines (Dkt. 42), and for its Motion in Limine to Exclude the Testimony of Brandon L. Ogden, states in support as follows:

1. Motions in limine serve an important purpose in civil litigation, specifically, "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 at n.2 (1984); *see also Kuiper v. Givaudan, Inc.*, 602 F. Supp. 2d 1036, 1042 (N.D. Iowa 2009) (recognizing that Federal Rule of Evidence 104 requires that "[p]reliminary questions concerning . . . the admissibility of evidence shall be determined by the court. . . ."). Further, motions in limine are used "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bliss v. BNSF Ry. Co.*, 2013 U.S. Dist. LEXIS 146101 at *4–5, 2013 WL 5570231 (D. Neb. 2013); *accord Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

2. Expert opinions are subject to motions in limine pursuant to the district court's gatekeeping authority. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

3. Federal Rule of Evidence 702 governs the admissibility of expert opinions. A court may only permit expert testimony only if the proponent shows it is more likely than not that the witness is qualified as an expert and: "(1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

4. District courts within the Eighth Circuit apply a three-part test for determining the admissibility of an expert's testimony under Rule 702. *Lauzon v. Senco Prods.*, 270 F.3d 681, 686 (8th Cir. 2001) (citation omitted). The proposed expert evidence must (1) be relevant, (2) be proffered by an individual who is qualified to assist the finder of fact, and (3) be reliable. *Id.*

5. CP is entitled to a ruling to exclude Plaintiff John Sexton's proposed expert opinions of Brandon L. Ogden ("Ogden").

   a. First, Ogden opines on facts and issues that are not material to the elements of Plaintiff John Sexton's ("Sexton") count of retaliation under the Federal Railway Safety Act ("FRSA"). Consequently, Ogden's opinions are likewise unhelpful and likely to confuse the trier of fact and should be excluded.

   b. Second, Ogden's incomplete review of the record (leading to indisputably incorrect factual assumptions and conclusion) renders his opinions unreliable. Moreover, Ogden's opinions on the mental state of certain individuals and his

    apparent legal conclusions on Sexton's ultimate factual burden should be excluded.

  c. Finally, Ogden does not possess the specialized knowledge necessary to assist the jury in this matter.

6. This Motion is based on CP's Brief in Support of its Motion in Limine, filed herewith, which is incorporated herein by reference and filed and served as attachments to this Motion.

7. CP requests to be heard in oral argument on its Motion in Limine to Exclude the Testimony of Brandon L. Ogden.

WHEREFORE Defendant Dakota Minnesota & Eastern Railroad Corporation, d/b/a Canadian Pacific respectfully requests oral argument on its motion and requests this Court enter an order granting its Motion in Limine to Exclude the Testimony of Brandon L. Ogden, excluding the described opinion evidence, and providing such other and further relief as this Court deems just and proper.

Dated: August 5, 2024                                  DORSEY & WHITNEY LLP

/s/ Joshua D. Hughes
Joshua Hughes (AT0014950)
hughes.joshua@dorsey.com
Dorsey & Whitney LLP
801 Grand Ave, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704

/s/ John T. Sullivan
John T. Sullivan (pro hac vice)
sullivan.jack@dorsey.com
Briana Al Taqatqa (pro hac vice)
altaqatqa.briana@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Fax:  (612) 340-2868

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I caused the foregoing to be electronically served on Plaintiff via email to his counsel of record:

Megan R. Merritt
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Fax: (319) 365-8443
mrm@shuttleworthlaw.com

John D. Magnuson
Cyle A. Cramer
YAEGER & JUNGBAUER BARRISTERS, P.L.C.
4601 Weston Woods Way
St. Paul MN, 55127
Phone: (507) 330-4777
Fax: (651) 288-0227
jmagnuson@yjblaw.com
ccramer@yjblaw.com

    /s/ Joshua D. Hughes
Counsel for Defendant