UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| John Sexton, | ) | |
| | ) | Case No. 23-cv-00031 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Dakota, Minnesota & Eastern Railroad | ) | |
| Corporation d/b/a Canadian Pacific, a | ) | **\*ORAL ARGUMENT REQUESTED\*** |
| Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION IN
LIMINE TO EXCLUDE THE TESTIMONY OF BRANDON L. OGDEN**

DORSEY & WHITNEY LLP

Joshua Hughes (AT0014950)
hughes.joshua@dorsey.com
Dorsey & Whitney LLP
801 Grand Ave, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704

John T. Sullivan (pro hac vice)
sullivan.jack@dorsey.com
Briana Al Taqatqa (pro hac vice)
altaqatqa.briana@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Fax:  (612) 340-2868

ATTORNEYS FOR DEFENDANT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allen v. City of Pocahontas*,
   340 F.3d 551 (8th Cir. 2003) ...................................................................2

*Blackmore v. Union Pac. R.R.*,
   No. 8:21CV318, 2023 U.S. Dist. LEXIS 32355 (D. Neb. Feb. 24, 2023).......................2, 3, 4

*Brown v. Cent. of Ga. R.R.*,
   No. 4:22-cv-117 (CDL), 2023 U.S. Dist. LEXIS 200277 (M.D. Ga. Nov. 7,
   2023) ...................................................................3

*Kuduk v BNSF Ry. Co.*,
   768 F.3d 786 (8th Cir. 2014) ...................................................................2

*Nay v. BNSF Ry. Co.*,
   No. C19-5425-BHS-MLP, 2021 U.S. Dist. LEXIS 221433 (W.D. Wash. Nov.
   16, 2021) ...................................................................2

*Peters v. Woodbury Cty. Iowa*,
   979 F. Supp. 2d 901 (N.D. Iowa 2013)...................................................................4, 5

*Peterson v. Union Pac. R.R. Co.*,
   No. 8:20CV293, 2022 U.S. Dist. LEXIS 19927 (D. Neb. Feb. 3, 2022)...................................2

*Steggall v. BNSF Ry. Co.*,
   Case No. 18-CV-5000, 2019 U.S. Dist. LEXIS 58239 (D. Neb. Apr. 4, 2019) ......................2

*U.S. v. Kime*,
   99 F.3d 870 (8th Cir. 1996) ...................................................................2

*Urquehart v. Union Pac. R.R. Co.*,
   No. 4:20-CV-00515-BRW, 2021 U.S. Dist. LEXIS 256532 (E.D. Ark. Aug.
   31, 2021) ...................................................................2

**Rules**

Fed. R. Evid. 702 ...................................................................1, 2, 4, 5

Fed. R. Evid. 702(a)...................................................................2

Fed. R. Evid. 702(c)...................................................................5

Local Rule 7(g) ...................................................................1

i

## REPLY ARGUMENT

Plaintiff John Sexton ("Sexton") asks this Court to admit the expert opinions of Brandon L. Ogden based on inapposite caselaw and rules and an incomplete review of the record. This Court should grant Defendant Dakota, Minnesota & Eastern Railroad Corporation, d/b/a Canadian Pacific's ("CP") Motion in Limine (Dkt. 52) and exclude Ogden's testimony for the reasons set out in CP's principal brief and this reply brief.[1]

### A.  Sexton Relies on the Wrong Rule of Evidence and Outdated Caselaw.

Federal Rule of Evidence 702 was amended effective December 1, 2023, when it applied to new and then-pending cases "insofar as just and practicable." Under the amended rule, a proponent of expert testimony such as Sexton must demonstrate that it is more likely than not the proffered testimony is admissible. Fed. R. Evid. 702.

Sexton ignores the new rule, however—and his failure matters. The goal of the amendment was to make it so proponents may no longer assert that the sufficiency of an expert's foundation, and the application of an expert's methodology, are "questions of weight and not admissibility." Notes of Advisory Committee on 2023 Amendments. Rather than follow the applicable rule, Sexton asks this Court to apply the very "weight and credibility, not admissibility" framework that the amended rule intentionally did away with. *See* Pl. Brief at 22 (citing abrogated caselaw). Sexton's "weight and credibility" argument thus should be disregarded.

### B.  Ogden's Qualifications Are Not Necessary in this Case.

Sexton argues at length that Ogden *is* qualified to opine on railroad operations and safety, relying on a smattering of cases in which district courts outside of Iowa found his qualifications

---

[1]     As required by Local Rule 7(g), CP files this reply to respond to new and unanticipated arguments in Sexton's opposition brief. CP does not attempt to respond to every argument Sexton makes and does not waive any position by not responding.

sufficient to say that the courts have "blessed" his testimony. But these cases are inapposite: they arise under different statutes that present jury questions not at issue here. *See, e.g., Peterson v. Union Pac. R.R. Co.*, No. 8:20CV293, 2022 U.S. Dist. LEXIS 19927 (D. Neb. Feb. 3, 2022) (Federal Employers Liability Act ("FELA") case); *Nay v. BNSF Ry. Co.*, No. C19-5425-BHS-MLP, 2021 U.S. Dist. LEXIS 221433 (W.D. Wash. Nov. 16, 2021) (wrongful death); *Urquehart v. Union Pac. R.R. Co.*, No. 4:20-CV-00515-BRW, 2021 U.S. Dist. LEXIS 256532 (E.D. Ark. Aug. 31, 2021) (FELA); *Blackmore v. Union Pac. R.R.*, No. 8:21CV318, 2023 U.S. Dist. LEXIS 32355 (D. Neb. Feb. 24, 2023) (FELA). Put differently, the issue is not that Ogden is unqualified to speak about railroad operations generally; it's that his speculative theories about why CP disciplined Sexton based on his experience in the railroad industry are not necessary to assist the jury in this case in deciding whether CP intentionally retaliated against Sexton in violation of the Federal Railroad Safety Act ("FRSA"). *See Steggall v. BNSF Ry. Co.*, Case No. 18-CV-5000, 2019 U.S. Dist. LEXIS 58239, at *9 (D. Neb. Apr. 4, 2019) (citing *U.S. v. Kime*, 99 F.3d 870, 884 (8th Cir. 1996)). Sexton's arguments for the admissibility of Ogden's testimony thus fail.

### C. Ogden's Opinions are Not Relevant nor Helpful.

***Ogden's opinion about Sexton's GCOR violation.*** Ogden's first opinion is that Sexton did not actually violate GCOR Rule 5.3.7. Under the current version of Rule 702, the Court must find by a preponderance of evidence this opinion is helpful to the jury to "understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702(a). Whether Sexton *actually* violated any given work rule is simply not relevant to any potential jury question in this case because employers are entitled to "make employment decisions based upon erroneous information and evaluations" without incurring FRSA liability. *See Kuduk v BNSF Ry. Co.*, 768 F.3d 786, 792 (8th Cir. 2014) (citing *Allen v. City of Pocahontas*, 340 F.3d 551, 558 n.6 (8th Cir. 2003)). It likewise matters not

that Sexton frames this evidence as helpful for establishing pretext: the jury need not know whether Sexton actually violated GCOR 5.3.7 in order to make any finding, so Ogden's opinion that Sexton *did* is simply unhelpful and not relevant.

Sexton's citation to *Brown v. Cent. of Ga. R.R.*, No. 4:22-cv-117 (CDL), 2023 U.S. Dist. LEXIS 200277, at *2 (M.D. Ga. Nov. 7, 2023) is unavailing. Unlike the present case, *Brown* involved an employee who was disciplined for violating a rule (he contended) he had never been told about. *Id.* at 13–15 (that "Brown did not obey Lockhart's instruction to call him in the event of paperwork issues."). The question of whether the *Brown* plaintiff was subject to a rule for which he was disciplined is a very different setting than this matter, in which there is no dispute Sexton was subject to GCOR 5.3.7 and instead simply disputes that he actually violated the rule.

***Ogden's opinion about so-called conflicts of interest.*** Ogden next opines that CP's policies create a conflict of interest for CP management officials. Ogden's opinion is that CP officials faced competing motivations between safety and pay that create a "conflict of interest." But phrasing the effect of these policies as a "conflict of interest" is gratuitous language designed to obfuscate the two-word distillation of Ogden's opinion: money talks. There is no reason that a jury of reasonable Iowans needs an expert to explain that *if* an employee meets performance objectives, *then* they get an incentive payment. Further, in pointing to the "myriad factors that converge to generate the conflict of interest," Sexton vastly underestimates the ability of a reasonable juror to understand that workplace performance may impact incentive compensation.

Sexton cites *Blackmore* for support that Ogden can make such an opinion—but unlike in *Blackmore*, the underlying principle in this case needs no additional explanation. *See Blackmore*, 2023 U.S. Dist. LEXIS 32355 at * 4. In *Blackmore*, the court permitted Ogden's opinion in a FELA case that "Union Pacific's operating decisions and work practices *driven by the adoption of*

*Precision Scheduled Railroading* contributed to unsafe conditions." *Id.* at *10 (emphasis added). But here, allegedly "unsafe conditions" generally, even if they existed, have no bearing on Sexton's FRSA retaliation claim, which addresses Sexton's alleged protected activity and whether it prompted intentional retaliation through a later adverse action.

**Ogden's opinion about CP's motivation.** Ogden intends to tell the jury that but for Sexton's protected activities, CP would not have issued discipline to Sexton for his rule violation. Ogden's opinion thus takes the issue of causation entirely out of the hands of the jury, applying for himself the facts to his understanding of legal standards in violation of Rule 702. *Peters v. Woodbury Cty. Iowa*, 979 F. Supp. 2d 901, 922, 924 (N.D. Iowa 2013) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."). Judge Bennett's opinion in *Peters* is likewise at odds with the position Sexton espouses here. *Peters* recognized that experts are permitted to opine on standards applicable to a subject matter avoiding the "baseline legal conclusion", but not whether a party's conduct met that applicable standard (because the opinion would then become the "baseline legal conclusion."). *Id.* at 924. Ogden purports to testify that policies emphasizing speed and efficiency not only existed but did actually motivate CP officials to take action against Sexton in this particular instance—in other words, that CP's conduct met the applicable legal standard for causation. Because this is an improper legal conclusion, it must be excluded.

### D.  Ogden's Opinions are Unreliable.

Even if Ogden's opinions were helpful to a jury—and they are not—his failure to employ a reliable methodology to reach his opinions as required by Rule 702 compels exclusion of his opinions. Ogden's methodology relies on a selective or incomplete review of the record, rejecting evidence unhelpful to his ultimate opinions when it best suits Sexton and finding support where

there otherwise is none. For example, Sexton disputes that Ogden failed to consider the contemporaneous written report of Justin DePover. *See* Pl. Brief at 19. Sexton points to Ogden's deposition to show he *did* consider it (despite omitting its substance from his report). But even this is unreliable because the testimony to which Sexton cites involves Ogden considering the facts, rejecting the veracity of the facts, and supplanting his own version of the truth. *Id.* Ogden goes too far by failing to consider DePover's report based on "his opinion on what he believes the correct version of the facts to be." *Peters*, 979 F.Supp. at 924 (citation omitted).

Ogden likewise relied on his own finding that Tom Jared was involved in the decision to impose discipline on Sexton despite undisputed evidence that Jared was *not* involved. (*See* Dkt. 50-2 at ¶¶ 46–49). Sexton points again to *Ogden*'s deposition testimony to establish that CP's undisputed claim is "ridiculous" because, according to *Ogden*'s admitted assumption, "It looks pretty clear in that email that [Jared] is the one instructing the 20-day suspension and enforcing the 20-day suspension on Sexton." *See* Pl. Brief at 20. Ogden has no personal knowledge of any fact relevant to Jared's actual role, and his glib claim that it is "pretty clear" that Jared's sworn testimony should be dismissed out of hand undercuts his credibility. Once again, Ogden's opinion simply supplants his own version of facts for those in the record. *Peters*, 979 F.Supp. at 924. As now prohibited by the amended Rule 702, Sexton argues that this should merely affect the weight, rather than admissibility, of Ogden's opinions. *See* Pl. Brief at 22. This ignores Sexton's burden to establish by a preponderance of evidence that Ogden's opinions are the product of reliable principles and methods. Fed. R. Evid. 702(c). Ogden's unreliable disregard for record evidence does not an admissible opinion make, and this Court should exclude his testimony accordingly.

## **CONCLUSION**

CP respectfully requests that the Court grant its motion and exclude Ogden's testimony.

4889-8318-8443\7

Dated: August 26, 2024

DORSEY & WHITNEY LLP


/s/ Joshua D. Hughes
Joshua Hughes (AT0014950)
hughes.joshua@dorsey.com
Dorsey & Whitney LLP
801 Grand Ave, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704


/s/ John T. Sullivan
John T. Sullivan (pro hac vice)
sullivan.jack@dorsey.com
Briana Al Taqatqa (pro hac vice)
altaqatqa.briana@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Fax:  (612) 340-2868


ATTORNEYS FOR DEFENDANTS

4889-8318-8443\7

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I caused the foregoing to be electronically served on Plaintiff via ECF, which provides notice and a copy to Plaintiff's counsel and all other counsel of record:

Megan R. Merritt
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Fax: (319) 365-8443


John D. Magnuson
Cyle A. Cramer
YAEGER & JUNGBAUER BARRISTERS, P.L.C.
4601 Weston Woods Way
St. Paul MN, 55127
Phone: (507) 330-4777
Fax: (651) 288-0227
jmagnuson@yjblaw.com
ccramer@yjblaw.com


/s/ Joshua D. Hughes
_____
Counsel for Defendant

7

4889-8318-8443\7