IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton,<br><br>Plaintiff,<br><br>v.<br><br>Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation,<br><br>Defendants. | No. 3:23-cv-00031-RGE-HCA<br><br><br>**PLAINTIFF'S REPLY TO CP'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Local Rule7(g), Plaintiff files this Reply to address the unanticipated disagreement over the applicable standard arising from the burden-shifting requirements found at 49 U.S.C. § 42121(b). Simply put, Plaintiff made no mistake. The United States Supreme Court ruling in *Murray v. UBS Securities, LLC*, 601 U.S. 23 (2024) is the controlling law in this case. *Murray* overturned the "retaliatory intent" requirement when it expressly held that under the 49 U.S.C. § 42121(b) burden-shifting framework, a plaintiff "is not required to make some further showing that his employer acted with 'retaliatory intent'." *Murray*, at 39. Despite this Supreme Court decision, CP still incorrectly argues that the controlling law on the 49 U.S.C. § 42121(b) framework "mandates that Sexton must prove that CP engaged in 'intentional retaliation prompted by [Sexton] engaging in protected activity….." Dkt. 59 at 6 quoting *Kuduk v. BNSF Ry. Co.*, 980 F.Supp.2d 786, 791 (8th Cir. 2014).

**I.    Retaliatory Intent is not required under the burden shifting framework of 49 U.S.C. § 42121(b).**

In *Murray*, the Supreme Court addressed a Second Circuit Opinion where the central

1

question was "whether the Sarbanes-Oxley Act's antiretaliation provision requires a whistleblower-employee to prove retaliatory intent." *Murray*, at 31 quoting *Murray v. UBS Securities*, 43 F. 4th 254, 258 (2nd Cir. 2022). The Second Circuit held that Sarbanes Oxley does have a retaliatory intent requirement. *Murray*, 601 U.S. at 31. However, the Supreme Court overruled that decision, noting that the burden shifting framework was "not unique to Sarbanes-Oxley" and discussed that the framework:

> was meant to relieve whistleblowing employees of the 'excessively heavy burden'. . . of showing that their protected activity was a 'significant', 'motivating', 'substantial', or 'predominant' factor in the adverse personnel action, and it reflected a determination that '[w]histleblowing should never be a factor that contributes in any way to an adverse personnel action.'

*Murray* at 28 quoting 135 Cong. Rec. 5032, 5033 (1989) (Explanatory Statement on S. 20, 101st Cong., 1st Sess. (1989)).

The Second Circuit's requirement of retaliatory intent under Sarbanes-Oxley relied on its prior holding in a Federal Railroad Safety Act case where the Second Circuit held a railroad employee is required to prove retaliatory intent under the same 49 U.S.C. § 42121(b) burden-shifting framework. *See* the Second Circuit Opinion: *Murray v. UBS Sec., LLC*, 43 F. 4th 254, 260 (discussing *Tompkins v. Metro-North Commuter R. Co.*, 983 F. 3d 74, 82 (2nd Cir. 2020) ("we agree with the Seventh and Eighth Circuits and hold that some evidence of retaliatory intent is a necessary component of an FRSA claim.")). The Second Circuit's agreement with the Sevent and Eight Circuits on the 49 U.S.C. § 42121 burden-shifting framework put it in direct conflict with the positions taken by the Fifth and Ninth Circuits, so the Supreme Court took up the issue to resolve the standing conflict between the circuits. To that end, the Supreme Court was clear:

> A whistleblower who invokes 18 U.S.C. §1514A bears the burden to prove that his protected activity 'was a contributing factor in the unfavorable personnel action alleged in the complaint,' **49 U.S.C. §**

> ***42121(b)(2)(B)(i), but he is not required to make some further showing that his employer acted with 'retaliatory intent'***. The judgment of the U.S. Court of Appeals for the Second Circuit is reversed. . .

*Murray,* 601 at 39 (emphasis added).

In other words, the burden shifting framework found at 49 U.S.C. § 42121(b) does ***not*** require a showing of retaliatory intent. Sarbanes-Oxley and the Federal Railroad Safety Act both explicitly reference that burden-shifting framework.[1] The Supreme Court held that the 49 U.S.C. § 42121(b) framework does not include a retaliatory intent requirement—unequivocally stating: "Section 1514A's test does not reference or include a 'retaliatory intent' requirement, and the provision's mandatory burden-shifting framework [49 U.S.C. § 42121(b)] cannot be squared with such a requirement." *Murray*, at 32.

Plaintiff notes that the defendant in *Murray*, and the Second Circuit, also relied heavily on the word "discriminate" in § 1514A to impose its retaliatory intent requirement. Similarly, the Eighth Circuit in *Kuduk* addressed the word "discriminate" to impose its retaliatory intent requirement under the Federal Railroad Safety Act. The *Kuduk* Court relied on *Staub v. Proctor Hosp*., 562 U.S. 411, 420 (2011), however *Staub* does not use the burden shifting framework at 49 U.S.C. § 42121(b). Instead, it requires the use of the Uniformed Services Employment and Reemployment Rights Act at 38 U.S.C.A. § 4311, which expressly requires a plaintiff to demonstrate that retaliation was "[a] motivating factor in the employer's action." *Staub*, at 416. The Supreme Court was direct on the application of the 49 U.S.C. § 42121(b) framework: "To be sure, the ***contributing factor*** framework [of 49 U.S.C. § 42121(b)] ***is not as protective*** as a

---

[1] Sarbanes-Oxley provides: "An action under paragraph (1)(A) shall be governed under the rules and procedures set forth in section 42121(b) of title 49, United States Code." 18 U.S.C. §1514A(b)(2)(A). The Federal Railroad Safety Act provides: "Any action under paragraph (1) shall be governed under the rules and procedures set forth in section 42121(b)…." 49 § 20109(d)(2)(A).

3

***motivating-factor*** framework." *Murray*, at 39 emphasis added.

> As the Supreme Court recently stated, 'the contributing factor burden-shifting framework is meant to be more lenient than most' employment discrimination burden-shifting frameworks in that it "is not as protective of employers as a motivating-factor framework." *Murray v. UBS Securities, LLC*, 601 U.S. 23, 35, 39 (2024). 'That is by design.' *Id*. at 39. 'Congress has employed the contributing-factor framework in contexts where the health, safety, or wellbeing of the public may well depend on whistleblowers feeling empowered to come forward.' *Id*. We 'cannot override that policy choice by giving employers more protection than the statute itself provides.' *Id.*

*Parker v. BNSF Ry. Co.*, ---F.4th---- *8 2024 WL 3734251 (Aug. 9, 2024).

CP takes issue with Plaintiff's reliance on *Araujo v. N.J. Transit Rail Ops., Inc.*, 708 F.3d 152 (3rd Cir. 2013). However, *Araujo* is consistent with *Murray* where *Kuduk* is not. *Araujo* places no "retaliatory intent" requirement on the plaintiff. Outside of that, *Araujo* sets nearly identical standards as *Kuduk* and therefore is not improper: "(1) she engaged in protected activity; (2) the employer knew that she engaged in the protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action." *Araujo*, at 157. Whereas per CP, *Kuduk* requires: "(1) he engaged in protected activity; (2) CP knew or suspected, actually or constructively, that he engaged in the protected activity; (3) he suffered an adverse action; and (4) the 'circumstances raise an inference that the protected activity was a contributing factor in the adverse action.'" Dkt. 59 at 8 quoting *Kuduk*, at 791. Additionally, Plaintiff was not wrong in relying on circumstantial evidence as the Supreme Court stated that the burden-shifting framework "plays the necessary role of 'forcing the defendant to come forward with some response' to the employee's circumstantial evidence." *Murray*, at 36 quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 5010-511, 113 S.Ct. 2742, 125 L.Ed. 2d 407 (1993).

In summary, Plaintiff cited and relied upon the correct standard applicable to this case.

4

Plaintiff respectfully requests the Court set this matter for an oral hearing to the extent that it has further questions on the applicability of this standard. The undersigned stands ready to address the same.

September 3, 2024	Respectfully Submitted,

YAEGER & JUNGBAUER BARRISTERS, PLC

By: */s/ Cyle Cramer*
John D. Magnuson, *pro hac vice.*
Cyle A. Cramer, *pro hac vice.*
4601 Weston Woods Way
Saint Paul, MN 55127
Telephone: (651) 288-9500
jmagnuson@yjblaw.com
ccramer@yjblaw.com

and

MEGAN R. MERRITT AT0010635
    for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406-2107
PHONE: (319) 365-9461
FAX: (319) 365-8443
E-MAIL: mrm@shuttleworthlaw.com

*Attorneys for Plaintiff John Sexton*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton,<br><br>                Plaintiff,<br><br>v.<br><br>Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation,<br><br>                Defendants. | No. 3:23-cv-00031-HCA<br><br><br><br>**CERTIFICATE OF SERVICE** |

## Certificate Of Service

I hereby certify that on September 3, 2024, I electronically filed the foregoing document and attachments with the Clerk of the Court using the CM/ECF system that will send notification of such filing to all parties or counsel of record to be served by electronic means.

DATED this 3rd day of September 2024, Saint Paul, Minnesota

>   Respectfully Submitted,
>
>   YAEGER & JUNGBAUER BARRISTERS, PLC
>
>   By: */s/ Cyle Cramer*
>   John D. Magnuson, *pro hac vice.*
>   Cyle A. Cramer, *pro hac vice.*
>   4601 Weston Woods Way
>   Saint Paul, MN 55127
>   Telephone: (651) 288-9500
>   jmagnuson@yjblaw.com
>   ccramer@yjblaw.com
>
>   and
>
>   MEGAN R. MERRITT AT0010635

for
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406-2107
PHONE: (319) 365-9461
FAX: (319) 365-8443
E-MAIL: mrm@shuttleworthlaw.com

*Attorneys for Plaintiff John Sexton*