IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton, | Case No. 3:23-cv-00031-HCA |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION IN LIMINE AND SUPPORTING BRIEF TO EXCLUDE EMPLOYEE DISCIPLINE NOT TIMELY DISCLOSED** |
| Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation, | |
| Defendant. | |

**I.     Introduction**

Plaintiff moves in limine for an order precluding Defendant, its counsel, and any witness from mentioning, eliciting, or introducing any evidence, testimony, or argument concerning discipline of any employee (including Plaintiff or other employees) that was not produced during discovery or otherwise timely disclosed under the Federal Rules, the Court's scheduling orders, or Rule 26 supplementation obligations.

Allowing undisclosed discipline material at trial would contravene Rules 26 and 37, invite unfair surprise and prejudice plaintiff, particularly where comparator treatment and consistency of Defendant's discipline practices have already been identified by the Court as triable issues based on the existing record. *See* Dkt. 68, at 9-11.

**Relief Requested:**

1. Exclude any undisclosed discipline evidence: bar Defendant from referencing or introducing any employee-discipline evidence (documents, data, summaries, testimony) that was not produced during discovery or timely supplemented under Rule 26(e).

2. Instruct defense counsel to advise witnesses not to volunteer information about undisclosed discipline.

3. Provide for appropriate remedies (striking testimony, curative instruction, costs, or other relief) upon violation.

**II.     Background**

Comparator treatment and Defendant's application of discipline guidelines are central trial issues. In summarizing why a jury must decide the issue, the Court stated that a reasonable jury could find causation based on "the inconsistent application of policies; and … shifting explanations for how and when waivers are awarded—as the punishment Ross imposed was more severe than both what was recommended by Smith and any other employee received for the same rule violation." Dkt. 68 at 27–28.

**III.    Argument**

   a. *Rules 26 and 37 Require Exclusion of Undisclosed Evidence*

Parties must disclose and timely supplement materials they may use to support their claims or defenses. Fed. R. Civ. P. 26(a)(1), 26(e). If a party fails to provide information as required by Rule 26(a) or (e), "the party is not allowed to use that information…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). If a defendant attempts to unveil new discipline files or summary charts at trial to alter the comparator narrative, this Court should exclude such late evidence under Rule 37(c)(1). Given the Court's identification of comparator/discipline issues as triable on the existing record, any undisclosed discipline materials would be neither justified nor harmless. Dkt. 68 at 27–28.

   b. *Rule 403 Warrants Exclusion to Prevent Unfair Prejudice and Confusion*

Undisclosed or collateral discipline evidence invites unfair prejudice, misleading the jury, and wasting time. Fed. R. Evid. 403. Here, admitting undisclosed discipline files or summary charts would force the parties to litigate authenticity, context, comparability (supervisors, standards, offense definitions), hearsay, and union appeal outcomes—precisely the distractions

Rule 403 aims to prevent. Plaintiff obtained discipline records in discovery, and his counsel has made comparisons of events based on hundreds of pages of discipline investigations and records. Introducing limited evidence related to discipline would leave Plaintiff in the dark on the circumstances and comparability of discipline. Many of the records were also discussed in depositions, included with a 30(b)(6) witness. And even if all the discipline records related to previously undisclosed discipline were provided, culling through that data in middle of trial would cause undue delay and prejudice Plaintiff. The summary judgment order specifically relied upon comparator and policy consistency issues as matters for the jury to resolve based on the existing discovery record, not on any new or undisclosed material.

## IV.     Conclusion

In summary, allowing undisclosed discipline evidence would undermine fairness, invite undue prejudice, and introduce inefficiencies that the Federal Rules are designed to prevent. The Court should enforce the disclosure requirements and ensure that only previously produced, properly vetted evidence is considered.

| | |
|---|---|
| Date: January 22, 2026 | **NICHOLS KASTER, PLLP** |

s/Cyle A. Cramer
Cyle A. Cramer* (MN 0402644)
  ccramer@nka.com
80 South Eighth Street, Suite 4700
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**YAEGER & JUNGBAUER BARRISTERS, PLC**

John D. Magnuson* (MN 027379X)
  jmagnuson@yjblaw.com
4661 Hwy. 61 North, Suite 204
St. Paul, MN 55110
Telephone: (651) 228-9500
Fax: (651) 228-0227

**SHUTTLEWORTH & INGERSOLL, P.L.C.**

Megan R. Merritt (AT0010635)
  mrm@shuttleworthlaw.com
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406-2107
Telephone: (319) 365-9461
Fax: (319) 365-8443

*Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

Date: January 22, 2026                              s/Cyle A. Cramer
                                                           Cyle A. Cramer