IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton,<br><br>    Plaintiff,<br><br>v.<br><br>Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation,<br><br>    Defendant. | Case No. 3:23-cv-00031-HCA<br><br><br>**PLAINTIFF'S MOTION IN LIMINE AND SUPPORTING BRIEF TO EXCLUDE OSHA'S NON-FINAL DISPOSITION** |

**I.     Introduction**

Plaintiff moves in limine to exclude any reference to OSHA's administrative disposition of Plaintiff's FRSA complaint, including the document itself (Bates CP_0000159-161). CP cited to and incorrectly referenced OSHA's outcome in its Summary Judgment briefing in a way that suggested the absence of retaliation and to bolster its "same-decision" defense. *See* Dkt. 50-1 at 10 (asserting OSHA "dismissed the case" because CP "would have suspended Sexton… even in the absence of any alleged protected activity," citing "no evidence of animus"). First, these descriptions are misleading because OSHA's decision was nonfinal, as Plaintiff timely objected to OSHA's findings. *See* 29 CFR § 1982 ("If no timely objection is filed . . . the findings or preliminary order will become the final decision of the Secretary, not subject to judicial review"). Secondly, OSHA's statements are inadmissible hearsay if offered for their truth, irrelevant to the de novo jury trial, substantially more prejudicial than probative because a jury is likely to accord undue weight to an administrative screening disposition that did not consider the full evidentiary record (e.g., comparators, testimony, management metrics), and lastly OSHA's disposition is inconsistent with Supreme Court precedent on AIR-21 whistleblower cases because it required a

1

showing of animus. *See* Fed. R. Evid. 401, 402, 403, 801–802, *Murray v. UBS Sec., LLC*, 601 U.S. 23, 35 (2024) ("Requiring a whistleblower to prove his employer's retaliatory animus would ignore the statute's mandatory burden-shifting framework."), and *Ziparo v. CSX Transportation, Inc.*, 160 F.4th 314, 335 (2d Cir. 2025) ("The *Murray* Court's holdings apply equally to an FRSA claim incorporating the same AIR-21 framework as SOX.").

## II.    Background

After Plaintiff filed a whistleblower complaint under the Federal Railroad Safety Act (FRSA), OSHA issued a screening dismissal. Plaintiff administratively appealed before that decision became final. Following administrative steps, Plaintiff filed this de novo FRSA action in federal court. On March 31, 2025, the Court entered an order of the parties' summary judgment motions concluding that triable issues for a jury on the existing discovery record. Therefore, OSHA's disposition is fundamentally incongruent with the procedural posture this case now is at. The parties have now come to this stage after extensive discovery—including compelled productions and multiple depositions—were conducted in this case; OSHA did not have that full evidentiary record when it issued its preliminary screening decision.

## III.   Argument

### a. OSHA's disposition is inadmissible hearsay and not within any exception

OSHA's letter or summary "findings" is out-of-court, assertion-of-fact material that CP may offer for its truth (no animus; same decision; rule violation, case outcome). That is hearsay and inadmissible. Fed. R. Evid. 801–802. CP may invoke Rule 803(8) (public records), but the exception does not automatically absorb conclusory administrative screening determinations in private employment disputes—particularly where the "factual findings" are contested, conclusory, or lack trustworthiness in light of the more complete litigation record. Exclusion of agency

determinations under Rule 803(8)(A)(iii) is appropriate where the risk of unreliability or unfair prejudice outweighs any probative value, and where the decision does not reflect a trial-like process with full evidence, cross-examination, or neutral adjudication on the merits. See Fed. R. Evid. 803(8)(B) (trustworthiness factors); 403 (even admissible public records may be excluded if unduly prejudicial or confusing). *See Horinek v. Spirit AeroSystems, Inc.*, No. 6:24-cv-01171-KHV, Mem. & Order (D. Kan. Dec. 3, 2025) ("…the Court finds that the OSHA letter should be excluded, because the probative value of the evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues or misleading the jury.").

Here, the OSHA disposition is a preliminary administrative screening that did not adjudicate FRSA liability on the full record that will be tried to the jury. Using it for its truth is hearsay and improper. From here, there is a substantial difference between the OSHA administrative disposition and the Public Law Board decision (Bates SEXTON 000015-000018) because the OSHA administrative disposition is based upon the same application of facts to law that must be decided here by a jury, whereas the PLB decision is based upon wholly separate standards that relate to Defendant's own agreed upon procedures for determining whether discipline was unjust. Dkt. 53-2 ¶¶ 163-164, and 167. In other words, the PLB decision is not adjudicating the merits of the whistleblower case like the OSHA decision, rather, based upon the collective bargaining agreement—the railroad's own agreed upon terms—whether the discipline was unjust. *Id.* And such decision was based upon CP's best presentation of the disciplinary record. Whereas the OSHA administrative disposition is based upon an incredibly limited record that has since been fundamentally expanded through discovery.

The OSHA decision was based on a fraction of a whole picture, therefore as a matter of fact is wholly inaccurate, which would lead to confusion for a jury. Moreover, the Court's

summary-judgment order already frames this case for a de novo jury trial on the expanded record that was not available to OSHA. That posture inherently renders OSHA's administrative disposition moot at trial and any mention of it would be unduly prejudicial and misleading, inviting jurors to treat a preliminary administrative screening as a merits determination.

### b.   *OSHA's conclusion is irrelevant to the jury's de novo FRSA determination*

This FRSA trial is de novo and turns on the evidence the jury hears—live witnesses, comparators, policy inconsistencies, and credibility. OSHA's cursory dismissal does not make any fact of consequence more or less probable in this forum, because it applied a different, threshold screening framework and did not weigh the evidence the jury will see. Fed. R. Evid. 401–402. Reference to the OSHA disposition would replace a trial with a sound-bite. See CP's own description: OSHA "dismissed… finding CP would have suspended Sexton… and that there was no evidence of animus." Dkt. 50-1 at 10. This is precisely related to, albeit inaccurate, the ultimate trial issues reserved for the jury.

### c.   *Even if marginally relevant, the OSHA disposition must be excluded under Rule 403*

Any slight probative value of OSHA's disposition is substantially outweighed by the dangers of unfair prejudice, juror confusion, and mini-trials over what OSHA did or did not review. Fed. R. Evid. 403. Jurors are likely to give an OSHA "finding" outsized weight, wrongly treating it as a merits adjudication rather than a screening step. Admission would also spawn side-litigation on the scope of OSHA's file, its evidentiary limits, testimony, and other evidence that the jury will hear. That wastes time, risks misleading the jury, and distracts from the evidence that actually matters.

### IV.   **Conclusion**

OSHA's administrative disposition is hearsay, irrelevant to the jury's de novo determination, and substantially more prejudicial than probative. The Court should exclude any reference to OSHA's "dismissal," "findings," or "conclusions." In the alternative, any mention should be tightly limited to neutral chronology of events with the Court's immediate limiting instruction and a ban on characterizations implying OSHA decided the merits. Fed. R. Evid. 401–403, 801–802, 105.

| | |
|---|---|
| Date: January 22, 2026 | **NICHOLS KASTER, PLLP**<br><br>s/Cyle A. Cramer<br>Cyle A. Cramer* (MN 0402644)<br>ccramer@nka.com<br>80 South Eighth Street, Suite 4700<br>Minneapolis, Minnesota 55402-2242<br>Telephone: (612) 256-3200<br>Fax: (612) 338-4878<br><br>**YAEGER & JUNGBAUER BARRISTERS, PLC**<br><br>John D. Magnuson* (MN 027379X)<br>jmagnuson@yjblaw.com<br>4661 Hwy. 61 North, Suite 204<br>St. Paul, MN 55110<br>Telephone: (651) 228-9500<br>Fax: (651) 228-0227<br><br>**SHUTTLEWORTH & INGERSOLL, P.L.C.**<br><br>Megan R. Merritt (AT0010635)<br>mrm@shuttleworthlaw.com<br>115 3rd Street SE, Suite 500<br>P.O. Box 2107<br>Cedar Rapids, IA 52406-2107<br>Telephone: (319) 365-9461<br>Fax: (319) 365-8443<br><br>*Admitted pro hac vice*<br><br>**ATTORNEYS FOR PLAINTIFF** |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

Date: January 22, 2026                                          s/Cyle A. Cramer
                                                                                Cyle A. Cramer