IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton, <br><br> Plaintiff, <br><br> v. <br><br> Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation, <br><br> Defendant. | Case No. 3:23-cv-00031-HCA <br><br><br> **PLAINTIFF'S MOTION IN LIMINE AND SUPPORTING BRIEF TO ADMIT CP PERFORMANCE MANAGEMENT PLAN BUSINESS RECORDS** |

Plaintiff moves in limine for an order permitting Plaintiff to introduce CP's Performance Management Plans (PMPs), bonus/short-term incentive materials, and related testimony showing how CP weights operational metrics and ties compensation to those metrics, because this evidence is highly probative of motive, animus, policy deviations, and pretext, and directly rebuts Defendant's same-decision affirmative defense.[1] This evidence was produced and cited in the summary-judgment record and is central to issues the Court has already identified for the jury. *See* Dkt. 59-1 ¶¶ 194-204 (short-term incentive plan, objectives, weighting).

Defendant's business records and manager testimony show that compensation and performance were tied to meeting operational metrics and that those metrics out-weighted safety accident frequency by a wide margin during the period at issue. *Id.* CP's short-term incentive plan states its objective is "to tie a part of the employee's compensation directly to CP's results," with weighted objectives "according to their relative importance." *Id.* Objectively, CP's policy weights

---

[1] This includes Bates CP_03241, CP_03361-03366, CP_03367-03374, CP_03711, CP_03222-03230, CP_03807-CP_03822, CP_3402-CP_3408, CP_03243, CP_03354-CP_03360, CP_03239, CP_03700-CP_03704, CP_03231-CP_03237.

corporate measures such as operating ratio, operating income, and trip plan compliance as 8 times more important than train accident frequency. *Id.* ¶ 203. The record also includes Ross's testimony prioritizing operational performance over safety:

> "The *first thing* you do in a business is you provide a service. If you're not providing a service, I don't care what business you're in, you're not going to deliver a product that people want. Therefore, you're not making money. *So you have to provide a service. That's the most important thing you do.*"

*Id.* ¶ 221.

CP managers further described drilling down on delays of even one minute, escalating over-standard events, drilling down when a train exceeded standard time—which is exactly what happened with Plaintiff's train on February 1, 2021. *Id.* ¶¶ 207-213.

The Court has already held that comparator treatment and policy-consistency issues must be tried to the jury on the existing record and highlighted inconsistent applications and shifting explanations around discipline, including the severity of Plaintiff's 20-day suspension relative to others. Dkt. 68, pp. 26-28. The PMP/bonus weighting provides evidence of motive—why delays and discipline would be handled in a way that elevated throughput metrics over safety objections—and thus is essential to the jury's evaluation of contributing factor, pretext, and the "same-decision" defense. The evidence in this case has the propensity to convince a jury that it is more probable that protected safety refusals and the resulting delay would be met with antagonism and efforts to "drill down" and discipline, as the record describes.

In conclusion, the evidence regarding CP's incentive structures and the prioritization of operational metrics over safety is directly relevant to the issues the jury must decide. This evidence not only provides crucial context for understanding the motives behind disciplinary actions but also supports the Plaintiff's argument that safety-related refusals were more likely to result in

adverse treatment due to the company's focus on throughput. The admissibility of this evidence under the Federal Rules is well-founded, as it speaks to motive, intent, and potential pretext. Ultimately, the jury should be allowed to consider this evidence when evaluating the legitimacy of CP's actions and the credibility of its "same-decision" defense.

Date: January 22, 2026

**NICHOLS KASTER, PLLP**

<u>s/Cyle A. Cramer</u>
Cyle A. Cramer* (MN 0402644)
　　ccramer@nka.com
80 South Eighth Street, Suite 4700
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**YAEGER & JUNGBAUER BARRISTERS, PLC**

John D. Magnuson* (MN 027379X)
　　jmagnuson@yjblaw.com
4661 Hwy. 61 North, Suite 204
St. Paul, MN 55110
Telephone: (651) 228-9500
Fax: (651) 228-0227

**SHUTTLEWORTH & INGERSOLL, P.L.C.**

Megan R. Merritt (AT0010635)
　　mrm@shuttleworthlaw.com
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406-2107
Telephone: (319) 365-9461
Fax: (319) 365-8443

*Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

Date: January 22, 2026                          s/Cyle A. Cramer
                                                                      Cyle A. Cramer