IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton,<br><br>    Plaintiff,<br><br>v.<br><br>Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation,<br><br>    Defendant. | Case No. 3:23-cv-00031-HCA<br><br><br>**PLAINTIFF'S MOTION IN LIMINE AND SUPPORTING BRIEF TO ADMIT PRODUCED COMPARATOR EVIDENCE** |

### I.     Introduction

Plaintiff moves in limine for an order permitting Plaintiff to introduce comparator discipline evidence already produced in discovery, including discipline records, investigation transcripts, discipline-policy reference materials, and CP's own discipline charts or summaries, for purposes of demonstrating Defendant's inconsistent application of its policies, the excessive nature of Plaintiff's discipline relative to similarly situated employees, and the relevance of this evidence to motive, pretext, credibility, and Defendant's affirmative defense.[1] This comparator evidence forms part of the core trial issues the Court has already identified.

**Relief Requested**

1. Admit comparator discipline evidence already produced when Plaintiff offers in trial as relevant under Rules 401 and 402.

2. Permit Plaintiff to use comparator exhibits and testimony without requiring Plaintiff to establish additional foundation, beyond ordinary authentication, because CP itself produced these materials.

3. Permit Plaintiff to reference CP's inconsistent discipline applications during opening, cross-examination, and closing.

---

[1] This includes Bates CP_00674, CP_01769-01843, CP_03478, CP_03481-03482.

1

## II. Background

Plaintiff John Sexton alleges CP retaliated against him in violation of the Federal Railroad Safety Act (FRSA) after he engaged in protected safety activity. Discovery yielded comparator records showing multiple engineers who committed the same rule violation (GCOR 5.3.7) CP leveled against Sexton, however those engineers received less severe sanctions (e.g., suspensions with significant deferred time, non-suspension responses, and even simple warnings).

The Court has concluded that whether CP disciplined Plaintiff more harshly than similarly situated employees, and whether it consistently applied its discipline policies, are triable questions for the jury on the existing record. *See* Dkt. 68 at 10 ("a reasonable jury could find Plaintiff Sexton has provided sufficient circumstantial evidence to prove a causal connection between Plaintiff Sexton's protected activity and the ultimate adverse employment action because of . . . the inconsistent application of policies; and . . . shifting explanations for how and when waivers are awarded—as the punishment Ross imposed was more severe than both what was recommended by Smith and any other employee received for the same rule violation.").

## III. Argument:

Comparator discipline is a recognized category of relevant evidence in FRSA retaliation cases. The Eighth Circuit has held that inconsistent application of discipline policies, disparate treatment of similarly situated employees, and shifting explanations are all valid forms of circumstantial evidence of retaliation and pretext.[2] The comparator materials in the record show: Employees who committed the same violation (GCOR 5.3.7) CP leveled against Plaintiff received

---

[2] "[C]ircumstantial evidence such as the temporal proximity between the protected activity and the adverse action, indications of pretext such as inconsistent application of policies and shifting explanations, antagonism or hostility toward protected activity, the relation between the discipline and the protected activity, and the presence of intervening events that independently justify discharge." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 857 (8th Cir. 2018) (quoting *Loos v. BNSF Ry. Co.*, 865 F.3d 1106, 1112 (8th Cir. 2017), *rev'd and remanded*, 586 U.S. 310 (2019), *opinion reinstated in part*, 920 F.3d 1218 (8th Cir. 2019)).

lighter penalties, often with deferred days, or simply received a warning; CP deviated from its own written protocols on waiver availability, investigative procedure, and discipline ranges for employees with no protected activities but assessed the most severe discipline possible for the protected plaintiff; CP's explanations for discipline severity shifted and contradicted its own documents. Ultimately, the record is clear that CP has provided no evidence that it has ever disciplined another employee with no other discipline on their record for a shoving violation with a 20-day unpaid suspension. *Id.* 150. Every employee with no major discipline already on their record that CP produced received lesser discipline than Sexton, including no discipline when the company found an employee in violation of the shoving rule. Dkt. 53-2 ¶¶ 151-159.

This comparator evidence is relevant and admissible under Rules 401 and 402 because it goes directly towards recognized circumstantial evidence. This evidence goes directly to both Plaintiff's prima facie case (contributing factor), and Defendant's affirmative defense (CP's claim that it would have imposed the same discipline absent protected activity).

Comparator files produced in discovery are neither confusing nor prejudicial; instead, they are the most direct and probative evidence available on CP's inconsistent application of its discipline policies and the excessiveness of the discipline imposed on Plaintiff. Their probative force easily outweighs any speculative prejudice under Rule 403 because the Court itself relied on these comparators when denying summary judgment and identifying clear disputes regarding discipline ranges, consistency, and shifting explanations that must be resolved by the jury on the existing record. There is no danger of unfair prejudice because the evidence consists entirely of CP's own discipline decisions.

## IV. Conclusion

For these reasons, Plaintiff requests that the Court permit Plaintiff to introduce the comparator discipline evidence already produced in discovery. The comparators are not just relevant—they are indispensable to the issues the Court has already determined must go to the jury under the existing evidentiary record.

Date: January 22, 2026

**NICHOLS KASTER, PLLP**

s/Cyle A. Cramer
Cyle A. Cramer* (MN 0402644)
    ccramer@nka.com
80 South Eighth Street, Suite 4700
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**YAEGER & JUNGBAUER BARRISTERS, PLC**

John D. Magnuson* (MN 027379X)
    jmagnuson@yjblaw.com
4661 Hwy. 61 North, Suite 204
St. Paul, MN 55110
Telephone: (651) 228-9500
Fax: (651) 228-0227

**SHUTTLEWORTH & INGERSOLL, P.L.C.**

Megan R. Merritt (AT0010635)
    mrm@shuttleworthlaw.com
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406-2107
Telephone: (319) 365-9461
Fax: (319) 365-8443

*Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFF**

4

**CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

Date: January 22, 2026                                      s/Cyle A. Cramer
                                                                              Cyle A. Cramer