IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton,<br><br>     Plaintiff,<br><br>v.<br><br>Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation,<br><br>     Defendant. | Case No. 3:23-cv-00031-HCA<br><br>**PLAINTIFF'S MOTION IN LIMINE AND SUPPORTING BRIEF TO ADMIT THE PUBLIC LAW BOARD DECISION** |

Plaintiff moves in limine to admit into evidence the Public Law Board ("PLB") decision (SEXTON 000015-000018) overturning CP's 20-day suspension and awarding back pay. The PLB decision is unique because it is CP's own agreed upon method of determining whether its discipline was unjust and CP did not challenge the PLB's decision. Dkt. 53-2 at ¶¶ 163-164, and 167. Instead, CP removed Sexton's discipline and compensated Sexton for time lost in agreement with the PLB decision. *Id.* ¶ 167.

It is undisputed that after discipline is assessed, if an employee feels that the discipline is unwarranted, then they can follow their grievance process through the Collective Bargaining Agreement. *Id.* ¶ 163. The Collective Bargaining Agreement provides that as part of the appeal process; discipline disputes may be submitted to a public law board tribunal established by law or agreement. *Id.* ¶¶ 164-165. It is fundamentally relevant and highly probative that CP's own agreement places the determination of whether discipline was unjust in the hands of the PLB. *Id.* ¶ 164. From here, it is undisputed that the public law board determined that CP's discipline "process here was flawed to such an extent that it deprived Claimant of a fair and impartial hearing." *Id.* ¶ 168. And with the PLB being the body CP agreed to make such a determination,

1

it's probative here because CP policy states that "unwarranted adverse employment action" constitutes retaliation and is prohibited. *Id.* ¶ 177. Under Rule 401, such evidence is plainly relevant, especially as it relates to CP's policy interpretations of PLB decisions and what actions CP took after the PLB decision. This evidence is probative of hostility and failure to follow company policy after unwarranted discipline was found. Additionally what disciplinary actions CP took with management involved after it was determined the discipline against Plaintiff was unjust (none) is probative of how CP handles retaliation which is relevant to punitive damages. Overall, the PLB decision makes more probable that CP's investigation was not the neutral, policy-based review it claims and that the discipline was influenced by other factors—including hostility to Sexton's protected safety actions, pressure over the multi-hour delay, and performance-metric concerns.

CP may repeat its assertion that "the board relied in large part on the incorrect belief that Jared decided Sexton's discipline because the discipline was sent out on Jared's letterhead." Dkt. 50-1, at 8. And from that argue that the PLB decision therefore is unreliable. However, that issue is a factual dispute and the jury can be instructed that the factual assertions made in the PLB decision are in dispute (nevertheless, CP never challenged the PLB decision with that argument, instead it agreed with the PLB to remove the discipline and provide back pay).

Federal Rule of Evidence 105 authorizes the Court to admit evidence with a limiting instruction, and juries are presumed to follow such instructions. A simple instruction—e.g., "You may consider the PLB decision only for evaluating the outcome of CP's procedure for determining whether discipline was unjust, CP's motive, credibility, and the fairness of its disciplinary process, and not for the truth of the PLB's factual findings"—is sufficient to ensure proper use. It remains exceptionally important and relevant that CP places the determination of unwarranted discipline

with the public law board. The public law board overturned Sexton's discipline and CP followed through with that determination.

The PLB, after reviewing the disciplinary record and hearing from CP, threw out the discipline. That reversal is powerful—not because the PLB's conclusions are binding, but because the PLB is an independent adjudicative body that CP itself placed the determination of unjust discipline with. And what CP's policy and management testimony says about unjust discipline is resoundingly probative on the question of retaliation. *See* Dkt. 53-2 ¶¶ 169 and 177.

It should be noted that there is a substantial difference between the OSHA administrative disposition and the Public Law Board decision (Bates SEXTON 000015-000018) because the OSHA administrative disposition is based upon the same application of facts to law that must be decided here by a jury, whereas the PLB decision is based upon wholly separate standards that relate to Defendant's own agreed upon procedures for determining whether discipline was unjust. Dkt. 53-2 at paras. 163-164, and 167. In other words, the PLB decision is not adjudicating the merits of the whistleblower case like the OSHA decision, rather, based upon the collective bargaining agreement—the railroad's own agreed upon terms—whether the discipline was unjust. *Id.* And such decision was based upon CP's best presentation of the disciplinary record. Whereas the OSHA administrative disposition is based upon an incredibly limited record that has since been fundamentally expanded through discovery.

For these reasons, Plaintiff respectfully requests that the Court admit the PLB decision, accompanied by an appropriate limiting instruction, so the jury may evaluate the probative nature of the document.

| | |
|---|---|
| Date: January 22, 2026 | **NICHOLS KASTER, PLLP**<br><br>s/Cyle A. Cramer<br>Cyle A. Cramer* (MN 0402644)<br>    ccramer@nka.com<br>80 South Eighth Street, Suite 4700<br>Minneapolis, Minnesota 55402-2242<br>Telephone: (612) 256-3200<br>Fax: (612) 338-4878<br><br>**YAEGER & JUNGBAUER BARRISTERS, PLC**<br><br>John D. Magnuson* (MN 027379X)<br>    jmagnuson@yjblaw.com<br>4661 Hwy. 61 North, Suite 204<br>St. Paul, MN 55110<br>Telephone: (651) 228-9500<br>Fax: (651) 228-0227<br><br>**SHUTTLEWORTH & INGERSOLL, P.L.C.**<br><br>Megan R. Merritt (AT0010635)<br>    mrm@shuttleworthlaw.com<br>115 3rd Street SE, Suite 500<br>P.O. Box 2107<br>Cedar Rapids, IA 52406-2107<br>Telephone: (319) 365-9461<br>Fax: (319) 365-8443<br><br>*Admitted pro hac vice<br><br>**ATTORNEYS FOR PLAINTIFF** |

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems, and such filing was sent electronically using the CM/ECF system to all parties for whom counsel has entered an appearance.

| | |
|---|---|
| Date: January 22, 2026 | s/Cyle A. Cramer<br>Cyle A. Cramer |