**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| John Sexton, | ) | Case No. 23-cv-00031 |
|       Plaintiff, | ) | |
| v. | ) | Magistrate Judge Helen C. Adams |
| Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation, | ) ) ) ) | **BRIEF IN SUPPORT OF DEFENDANT'S FIRST MOTION IN LIMINE TO BIFURCATE TRIAL** (RESISTED) |
|       Defendant. | ) | |

COMES NOW Defendant Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific ("DM&E"), by and through counsel, and hereby moves this Court for an Order in Limine bifurcating trial so that a separate phase for punitive damages is held only if the jury finds for Plaintiff John Sexton ("Sexton") after an initial phase for liability. In support, DM&E states as follows:

## INTRODUCTION

This Court may order a separate trial on any issue for convenience, to avoid prejudice, or to expedite and economize proceedings. Fed. R. Civ. P. 42(b). While even one of the Rule 42(b) factors is enough to justify bifurcation, all three apply here. Bifurcation of punitive damages furthers convenience, expedition, and economy by allowing the jury to focus solely on evidence related to liability and causation at an initial phase of trial, with evidence potentially relevant to punitive damages submitted only if Sexton proves his case. Bifurcation also avoids prejudice to DM&E, given that punitive damages require evidence of reckless or malicious conduct. If Sexton were to present evidence and argument supposedly supporting such conduct, it would pose a real risk of confusing or improperly influencing the jury's determination of liability. Similarly, the

"formidable burden" that Sexton must carry when seeking punitive damages would be improperly lessened if argued alongside the preponderance-of-evidence standard of liability generally.

The risk of confusion and improper influence is heightened here. Sexton does not and cannot seek any back pay award, as his union successfully appealed his 20-day unpaid suspension and DM&E paid him anything owed for the suspension. (Appendix to Motions in Limine ("App.") at 26–27 (Deposition of John Sexton ("Sexton Dep.") at 128:13–129:15)). In fact, the only compensatory damages Sexton seeks are for alleged emotional distress, even though he conceded at his deposition that he has never sought therapy or medical treatment for any such distress nor missed any work as a result. (App. at 28 (Sexton Dep. at 192:1–4)). With little basis for compensatory damages, a jury that found liability could understandably confuse punitive damages as a necessary award.

For these reasons and those set out below, DM&E respectfully requests that this Court enter an Order providing for separate trials, with an initial phase on liability and compensatory damages to be followed by a second phase, on punitive damages, only if liability is proved.

## ARGUMENT

**I.   LEGAL STANDARD**

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Bifurcating punitive damages from liability avoids the possibility that evidence pertinent to punitive damages will improperly prejudice the jury's liability determination. *Jones v. Cargill, Inc.*, 490 F. Supp. 2d 978, 988 (N.D. Iowa 2007); *see Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1213–14 (8th Cir. 1999) ("The decision of whether to isolate the punitive damages phase of the trial is within the sound discretion of the trial court."). Any one of the Rule 42(b)

factors is sufficient to justify bifurcation. *See Simon v. Philip Morris. Inc.*, 200 F.R.D. 21, 27 (E.D.N.Y. 2001) ("The three allowable grounds for a bifurcation decision—furthering convenience, avoiding prejudice and furthering expedition and economy—are set out in the alternative, so that the presence of any one is sufficient to sustain such an order.").

## II.     BIFURCATION WILL SERVE JUDICIAL ECONOMY AND CONVENIENCE

Bifurcated punitive damages provide an opportunity for a shorter trial, as the second phase would not be necessary if the jury finds no liability in the first phase. In *Scheufler v. Gen. Host Corp.*, for example, the United States District Court for the District of Kansas set separate phases for trials for actual damages and punitive damages, noting that the jury "would not need to consider [punitive damages issues] if no actual damages are awarded, which would save trial time and the expense of putting on the additional evidence." 895 F. Supp. 1411, 1414 (D. Kan. 1995).

The need for bifurcation is underscored by the standards applicable to this case. The Eighth Circuit has recognized that plaintiffs in FRSA matters who are "seeking punitive damages have a 'formidable burden.'" *BNSF Ry. Co. v. United States DOL Admin. Rev. Bd.*, 867 F.3d 942, 949 (8th Cir. 2017) (quoting *Sturgill v. United Parcel Serv., Inc.*, 512 F.3d 1024, 1035 (8th Cir. 2008)). Specifically, to win punitive damages, Sexton will need to prove that DM&E acted with "reckless or callous disregard for [his] rights," intentionally violated federal law, or engaged in "malicious, reckless, or reprehensible" conduct. *BNSF Ry. Co. v. United States DOL*, 816 F.3d 628, 644 (10th Cir. 2016) (quotation omitted). This standard for punitive damages is best dealt with separately; as it is, the liability phase will include both a preponderance-of-the-evidence standard for Sexton's claim and a clear-and-convincing-evidence standard for DM&E's affirmative defense.

## III.    BIFURCATION AVOIDS PREJUDICE TO DM&E.

Bifurcation protects against prejudice to DM&E while posing no prejudice to Sexton.

3

In *Scheufler*, for example, the court determined that "some evidence which is irrelevant to the determination of actual damages is highly relevant to the issue of punitive damages. Presentation of such evidence only after a determination of actual damages would eliminate any possibility that the jury could consider the evidence for an improper purpose." 895 F. Supp. At 1413–14.

This is particularly true where, as here, an FRSA plaintiff's theory relies on the accusation that a railroad company's management puts profit above safety. In *Bliss v. BNSF Railway. Co.*, the United States District Court for the District of Nebraska evaluated the plaintiff's argument that "when push comes to shove, Defendant puts its own profit and convenience far above the needs, health, and safety of its loyal employees," and found the potential for undue prejudice sufficient for a bifurcated trial. No. 4:12-CV-3019, 2013 U.S. Dist. LEXIS 146101, at *49–51 & n.2 (D. Neb. Oct. 9, 2013). That is exactly the argument that Sexton makes here, as he claims that DM&E incentivized managers to weigh operational performance "and train speed as more important than operating safely." (*See* Dkt. 53-2 (Sexton Stmnt. Material Facts) at ¶ 202). The court in *Bliss* also determined that bifurcation would foster convenience and efficiency, noting further that bifurcation "may result in a shorter trial" if arguments on punitive damages prove unnecessary because the rail carrier prevailed on liability. 2013 U.S. Dist. LEXIS 146101, at *48.

Bifurcation poses no prejudice to Sexton. The same jury will decide all issues, but only in a specific order and with a clearer focus. As some courts note, compensatory damages focus on a plaintiff's conduct, while "with punitive damages the focus is on the defendant's." *Vandersteen v. Kelly*, No. 07 C 5632, 2010 U.S. Dist. LEXIS 15859, at *9 (N.D. Ill. Feb. 23, 2010) (citing *Jenkins v. Raymark Indus., Inc.,* 782 F.2d 468, 474 (5th Cir. 1986)).

## CONCLUSION

For the above reasons, DM&E respectfully requests the Court GRANT its First Motion in Limine and order separate phases of trial for liability and for punitive damages.

Dated: January 22, 2026                                DORSEY & WHITNEY LLP


                                                    /s/ Joshua D. Hughes
Joshua Hughes (AT0014950)
hughes.joshua@dorsey.com
Dorsey & Whitney LLP
801 Grand Ave, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704


                                                    /s/ John T. Sullivan
John T. Sullivan (pro hac vice)
sullivan.jack@dorsey.com
Briana Al Taqatqa (pro hac vice)
altaqatqa.briana@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Fax:  (612) 340-2868


ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2026, I caused the foregoing to be electronically served on Plaintiff via ECF, which provides notice and a copy to Plaintiff's counsel and all other counsel of record:

Megan R. Merritt
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Fax: (319) 365-8443
mrm@shuttleworthlaw.com

John D. Magnuson
YAEGER & JUNGBAUER BARRISTERS, P.L.C.
4601 Weston Woods Way
St. Paul, MN 55127
Phone: (507) 330-4777
Fax: (651) 288-0227
jmagnuson@yjblaw.com

Cyle A. Cramer
NICHOLS KASTER, PLLP
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
Phone: (512) 256-3200
Fax: (612) 338-4878
ccramer@nka.com

                                  /s/ Joshua D. Hughes
                                  Counsel for Defendant