**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| John Sexton, | ) | Case No. 23-cv-00031 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Helen C. Adams |
| | ) | |
| Dakota, Minnesota & Eastern Railroad | ) | **BRIEF IN SUPPORT OF** |
| Corporation d/b/a Canadian Pacific, a | ) | **DEFENDANT'S SECOND** |
| Delaware Corporation, | ) | **MOTION IN LIMINE** |
| | ) | (RESISTED) |
| Defendant. | ) | |

COMES NOW Defendant Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific ("DM&E"), by and through counsel, and hereby moves this Court for an Order in Limine directing Plaintiff John Sexton ("Sexton"), his witnesses, and counsel not to reference or present, during jury voir dire, or any other stage of trial, evidence or argument relating to the content of the written opinion issued by the Public Law Board reversing Sexton's discipline. In support, DM&E states as follows:

**INTRODUCTION**

This Court should grant DM&E's Second Motion in Limine to prevent Sexton, his witnesses, or counsel, from referencing or presenting evidence relating to the content of the Public Law Board's reversal of discipline because it makes no fact of consequence more or less likely in this action, its probative value is substantially outweighed by the risk of unfair prejudice, and it is hearsay to which no exception applies. Further, the Public Law Board's decision is inadmissible by the agreement of Sexton's union and DM&E and by operation of federal law.

## RELEVANT FACTUAL BACKGROUND[1]

After the conclusion of DM&E's internal investigation hearing and following an independent review by an uninvolved executive, DM&E issued a written notice of discipline to Sexton on February 26, 2021, suspending him from service without pay for 20 days. The discipline notice included an electronically-affixed signature of Rail General Manager Operations – US West Division, Tom Jared. Evidence at trial will demonstrate that Jared did not draft or read the discipline notice before it was issued to Sexton over Jared's affixed signature and, other than participating in the investigation hearing as a witness, was not involved in the discipline process. Jared also did not make a recommendation for or decide the discipline to be imposed on Sexton.

On May 20, 2021, Sexton's union, the Brotherhood of Locomotive Engineers and Trainmen ("BLET"), appealed the disciplinary decision to a Public Law Board ("PLB"), a division of the National Mediation Board that exists to resolve railroad labor grievances. *See* 45 U.S.C. § 153. As provided by the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, the PLB had authority to review and decide Sexton's union's appeal because the union and DM&E agreed, through their collective bargaining agreement ("CBA"), to its binding review of certain employment actions through such boards. Each panel of a PLB consists of a member representing the union, a member representing the railroad, and a neutral member chosen by the two representative panelists. 45 U.S.C. § 153. When employers and employees (through their CBA) consent to submission of specified workplace disputes to the PLB, the PLB's decisions are final and binding. *Id.* ("Any two members of the board shall be competent to render an award. Such awards shall be final and binding upon both parties to the dispute and if in favor of the petitioner, shall direct the other party to comply therewith on or before the day, named.").

---

[1] Only facts relevant to the Court's disposition of DM&E's Second Motion in Limine are included in this brief.

On August 26, 2022, the PLB sustained the BLET's claim, which removed the 20-day suspension from Sexton's disciplinary record and awarded him compensation for all time lost. The PLB reached this result based on the incorrect conclusion that Jared's electronic signature on the disciplinary decision meant that he decided the discipline. (Appendix to Motions in Limine ("App.") at 7–11 (Sexton Deposition Exhibit 13)) (the "PLB Decision"). The PLB Decision addressed the procedure, and not the substance, of Sexton's complaints because it determined Jared's involvement in testifying in the hearing *and* purportedly signing the notice of discipline was "excessive." However, Jared did *not* review the notice of discipline and was *not* involved in any discipline recommendation or decision. (App. at 36–39 (Deposition of Tom Jared ("Jared Dep.") at 75:13–78:7)).

By the text of the PLB Decision, "Awards issued pursuant to the terms and conditions outlined in the [CBA] establishing this Expedited Board of Arbitration will not prejudice the rights of either party, will not establish precedent and will not be referred to in connection with any other case, agreement and/or dispute." (App. at 8 (PLB Decision at 1)).

## ARGUMENT

### I. APPLICABLE LEGAL STANDARD

This Court may only admit evidence if it is relevant. Fed. R. Evid. 402. Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may not be admitted when it is barred by rule, statute, or the United States Constitution. Fed. R. Evid. 402. One such rule requires the exclusion of relevant evidence when its probative value is "substantially outweighed" by a risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence." Fed. R. Evid. 403. The Court's authority to admit evidence also is limited by the rule

against hearsay, unless an exception applies. Fed. R. Evid. 802, 803.

## II.    THE PLB DECISION SHOULD BE EXCLUDED

To prevail on his claim of Federal Railroad Safety Act retaliation, Sexton carries the burden

to prove that (1) he engaged in a protected activity; (2) DM&E knew or suspected, actually or

constructively, that he engaged in the protected activity; (3) he suffered an adverse action; and

(4) the circumstances raise an inference that the protected activity was a contributing factor in the

adverse action. *See Kuduk v. BNSF Ry. Co.*, 768 F.3d 786, 789 (8th Cir. 2014). Even if Sexton

makes this prima facie showing, DM&E is entitled to judgment in its favor if it demonstrates, by

clear and convincing evidence, that it would have taken the same action in the absence of Sexton's

protected activity. *Id.* at 789.

As explained below, the PLB Decision should be excluded from evidence because it does

not affect any fact of consequence to any element of Sexton's claim and so is irrelevant and

inadmissible. Even if it were marginally relevant, the PLB Decision would be confusing and

misleading to a jury and unfairly prejudicial to DM&E. Further, the statements in the PLB

Decision—if offered in an attempt to establish that Jared decided Sexton's discipline or signed the

discipline notice—are hearsay to which no exception applies. In addition to these evidentiary

failings, the PLB Decision also must be excluded because the decision itself—by agreement of

DM&E and Sexton's union—is not precedential and may not be referred to in connection with this

or any other case.

### A.    The PLB Decision is irrelevant; even if relevant, it should be excluded.

In the PLB Decision, the PLB purports to describe the efficiency test that Sexton failed,

DM&E's subsequent investigation process, and the decision to discipline Sexton with a 20-day

suspension, all for the purpose of assessing whether DM&E's discipline was consistent with its obligations under the CBA. But the PLB's assessment of DM&E's compliance with the CBA is of no consequence to any element of Sexton's FRSA claim, rendering the PLB Decision wholly irrelevant to the decisions that the jury will make in this action.

Even if the PLB Decision was marginally relevant, the fact that it is a written decision from a tribunal that evaluated and decided contested issues between Sexton and DM&E requires it to be excluded under Fed. R. Evid. 403. As an official-appearing statement from a tribunal, the PLB Decision would pose a high risk of confusing the issues and misleading jurors, who could very well mistake the PLB Decision for a document deserving of deference or greater consideration than other evidence. In addition, whatever probative value might arguably arise from the PLB Decision would be substantially outweighed by the unfair prejudice that would result to DM&E, which would have to explain to the jury why the statements in the PLB Decision regarding Tom Jared are not accurate and should be disregarded. This is all the more true given that the PLB Decision's description is at odds with the sworn testimony expected from witnesses at trial.

For these reasons, the PLB Decision is inadmissible under Fed. R. Evid. 402 and 403.

**B.      The PLB Decision is hearsay.**

In addition to running afoul of Rules 402 and 403, the PLB Decision constitutes an out-of-court statement that Sexton may try to offer to "prove" the matters asserted within the PLB Decision—and so is textbook hearsay. Fed. R. Evid. 801. Exclusion on the basis of hearsay is appropriate at this stage because this is not a case in which the admissibility of the PLB Decision depends on "[w]hat questions are asked and how the witness responds to the question at trial, as well as the purpose for which the testimony is being offered[.]" *AG Tech. Res., Inc. v. Land O'Lakes, Inc.*, No. 4:22-CV-00188-HCA, 2024 U.S. Dist. LEXIS 63449, at *4 (S.D. Iowa Feb. 28,

2024). Instead, the PLB Decision in its entirety is hearsay.

Nor is there an exception to the hearsay rule that would allow the PLB Decision to be admitted. *See* Fed. R. Evid. 803. The PLB Decision cannot constitute a recorded recollection because there is no witness in this action that could have "made or adopted" the statements contained within it. Fed. R. Evid 803(5). Nor is this admissible as a record of a regularly conducted activity, because Sexton can produce no witness to provide the requisite authentication required by the rule. Fed. R. Evid. 803(6)(D). The PLB Decision also cannot be admissible as a public record because the PLB is not a "public office" and the record itself fails to set out the activities of the "public office." *See* Fed. R. Evid. 803(8). Finally, the PLB Decision does not qualify for any "residual" exception to the hearsay rule. *See* Fed. R. Evid. 807.

For these reasons, the PLB Decision should also be excluded because it is hearsay.

**C.      The PLB Decision must be excluded pursuant to consent and federal law.**

Sexton's union and DM&E agreed to a CBA under which certain workplace disputes are submitted to a binding PLB. The decisions of the PLB are binding on the parties involved as both a matter of voluntary consent to the PLB process and by operation of federal law. 45 U.S.C. § 153. Notably, the PLB Decision gives this order to the parties to the PLB proceeding: "Awards issued pursuant to the terms and conditions outlined in the [CBA] establishing this Expedited Board of Arbitration will not prejudice the rights of either party, will not establish precedent and *will not be referred to in connection with any other case, agreement and/or dispute*." (App. at 8 (PLB Decision at 1)) (Emphasis added)).

Under its plain terms, the PLB Decision prevents both parties from making reference to it in any other action, and an order in limine to exclude such reference is an appropriate exercise of this Court's authority in controlling the admission of evidence.

## CONCLUSION

For the above reasons, Defendant respectfully requests the Court GRANT its Second Motion in Limine in its entirety, and for any further such relief as deemed necessary by the Court.

Dated: January 22, 2026

DORSEY & WHITNEY LLP

/s/ Joshua D. Hughes
Joshua Hughes (AT0014950)
hughes.joshua@dorsey.com
Dorsey & Whitney LLP
801 Grand Ave, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704


/s/ John T. Sullivan
John T. Sullivan (pro hac vice)
sullivan.jack@dorsey.com
Briana Al Taqatqa (pro hac vice)
altaqatqa.briana@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Fax:  (612) 340-2868


ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2026, I caused the foregoing to be electronically served on Plaintiff via ECF, which provides notice and a copy to Plaintiff's counsel and all other counsel of record:

Megan R. Merritt
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Fax: (319) 365-8443
mrm@shuttleworthlaw.com

John D. Magnuson
YAEGER & JUNGBAUER BARRISTERS, P.L.C.
4601 Weston Woods Way
St. Paul, MN 55127
Phone: (507) 330-4777
Fax: (651) 288-0227
jmagnuson@yjblaw.com

Cyle A. Cramer
NICHOLS KASTER, PLLP
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
Phone: (512) 256-3200
Fax: (612) 338-4878
ccramer@nka.com

/s/ *Joshua D. Hughes*
Counsel for Defendant