**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | | |
|---|---|---|
| John Sexton, | ) | Case No. 23-cv-00031 |
|     Plaintiff, | ) ) | |
| v. | ) | Magistrate Judge Helen C. Adams |
| Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation, | ) ) ) ) ) | **BRIEF IN SUPPORT OF DEFENDANT'S FOURTH MOTION IN LIMINE** (RESISTED) |
|     Defendant. | ) | |

COMES NOW Defendant Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific ("DM&E"), by and through counsel, and hereby moves this Court for an Order in Limine limiting Plaintiff John Sexton ("Sexton"), his counsel, and his witnesses, from characterizing during jury voir dire, or any other stage of trial, that he engaged in any protected activity other than events addressed by the Court in its Order on summary judgment, or that he suffered any adverse action other than the 20-day suspension that the Court concluded was the "only legitimate adverse action" in this matter. In support, DM&E states as follows:

**INTRODUCTION**

This Court should Grant DM&E's Fourth Motion in Limine to prevent Sexton from suggesting that he engaged in protected activity other than the events before the Court at summary judgment, and from suggesting that the various stages of DM&E's discipline investigation process are each an adverse action. This Court has decided these issues, including by holding that the 20-day unpaid suspension DM&E imposed on Sexton (which was later reversed in full, including with a payment of backpay) is "the only legitimate adverse action" alleged in this case. (*See* Dkt. 68 ("MSJ Order") at 20). Sexton's trial presentation should be limited by this Court's rulings.

## RELEVANT FACTUAL BACKGROUND[1]

Sexton's pleadings identify five unfavorable things that he believes were retaliation for engaging in protected activity: the February 1, 2021, efficiency test that he failed; the February 4, 2021, notice informing him that an investigation hearing would be held to evaluate his test failure; the February 10, 2021, investigation hearing itself; the resulting 20-day suspension from service imposed on February 26, 2021; and the "potential for blacklisting" that Sexton alleges could result from each of the other events. (Second Amended Complaint ("Complaint"), Dkt. 24-1).

In its MSJ Order, this Court concluded that the suspension is the only adverse action that may proceed to trial. (Dkt. 68 at 20 ("However, the Court further finds and concludes the suspension is the only legitimate adverse action, even when the potential blacklisting, hearing, and e-test are evaluated in the light most favorable to Plaintiff Sexton.")). Further, DM&E expects that Sexton will describe himself at trial as a longstanding safety advocate; it would be irrelevant or unfairly prejudicial to DM&E if he was allowed to claim that this advocacy was somehow protected activity or evoked retaliatory animus on the part of his managers. (Appendix to Motions in Limine ("App.") at 29–30 (Sexton Dep. 198:20–199:1) ("Q: So, again, why – what has actually happened that makes you feel like you have a target on your back? A: My – my previous dealing with the carrier, all of my emails I have forwarded to the third man in charge of this railroad, and all of the unsafe acts I bring to their attention that nothing – nothing's done about it.")).

## ARGUMENT

An order in limine is necessary to ensure DM&E is not unfairly prejudiced by attempts to testify about other events Sexton complains were adverse actions, or that his safety advocacy generally is protected activity that created some sort of animus on the part of any manager.

---

[1] Only facts relevant to the Court's disposition of this Motion in Limine are included in this brief.

2

**I.   SEXTON'S ADVERSE ACTION EVIDENCE MUST COMPLY WITH THE MSJ ORDER.**

This Court has rejected Sexton's allegations that the e-test, the potential for blacklisting, and the disciplinary hearing and notice are not adverse actions as a matter of law. (Dkt. 68 at 20). An order in limine confining Sexton's trial presentation to the bounds of this Court's MSJ Order thus will avoid the presentation of irrelevant evidence, evidence that would confuse the jury, and prevent unfair prejudice to DM&E. *See* Fed. R. Evid. 402, 403.

When deciding that the "suspension is the only legitimate adverse action," the Court observed two points regarding the other events that bear on this Motion:

First, the imposition of a safety test on Sexton (which was provided for pursuant to policy and routinely performed) "cannot be considered an adverse action[,]" because "[n]o reasonable person would be dissuaded from making a complaint for fear of being subjected to a test they know they could be subjected to as part of their ordinary job." (Dkt. 68 at 19) (citing *Muldrow v. City of St. Louis*, 601 U.S. 346, 356 n.2 (2024)). Therefore, Sexton's trial presentation should not include comments, references, or insinuations that Tom Jared's decision to test Sexton's compliance with General Code of Operating Procedure 5.3.7 was in and of itself a negative event or a cause of harm to Sexton.

Second, and with respect to Sexton alleging the disciplinary hearing, its notice, and the "potential for blacklisting" were adverse employment actions, the Court observed that no damages flow directly as a result of these supposed theories. The "investigation itself produces no harm—the discipline resulting from the investigation does[,]" just as "any harm Plaintiff Sexton alleges resulting from the [alleged disciplinary note in Sexton's personnel file] is inherently attached to the suspension and not a separate, discreet adverse employment action." (Dkt. 68 at 19).

Finally, while the relevance and admissibility of Sexton's assessment of himself as a safety

advocate may be assessed if and when he testifies to it, he and his counsel should be barred in limine from testimony or argument that any such general advocacy on his part was protected activity or somehow evoked a retaliatory animus in DM&E generally or any manager specifically. This testimony would not make any fact of consequence in this action more or less probable, and so would be irrelevant; even if relevant, any probative value would be entirely outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 402, 403. This trial is about whether any specific alleged protected activity was a contributing factor in Sexton's 20-day suspension, not his subjective belief about how management responded to him before or after the events at issue here.

In sum, an order in limine is necessary to prohibit Sexton from referencing or testifying that the events the Court *rejected* as adverse actions *were* adverse actions, and from referencing or testifying about his subjective beliefs about managers' general attitudes and responses.

## CONCLUSION

For the above reasons, Defendant respectfully requests the Court GRANT its Fourth Motion in Limine in its entirety, and for any further such relief as deemed necessary by the Court.

Dated: January 22, 2026                    DORSEY & WHITNEY LLP

/s/ Joshua D. Hughes
Joshua Hughes (AT0014950)
hughes.joshua@dorsey.com
Dorsey & Whitney LLP
801 Grand Ave, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704


/s/ John T. Sullivan
John T. Sullivan (pro hac vice)
sullivan.jack@dorsey.com
Briana Al Taqatqa (pro hac vice)
altaqatqa.briana@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Fax:  (612) 340-2868


ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2026, I caused the foregoing to be electronically served on Plaintiff via ECF, which provides notice and a copy to Plaintiff's counsel and all other counsel of record:

Megan R. Merritt
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Fax: (319) 365-8443
mrm@shuttleworthlaw.com

John D. Magnuson
YAEGER & JUNGBAUER BARRISTERS, P.L.C.
4601 Weston Woods Way
St. Paul, MN 55127
Phone: (507) 330-4777
Fax: (651) 288-0227
jmagnuson@yjblaw.com

Cyle A. Cramer
NICHOLS KASTER, PLLP
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
Phone: (512) 256-3200
Fax: (612) 338-4878
ccramer@nka.com

                                          /s/ *Joshua D. Hughes*
                                          Counsel for Defendant