IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| John Sexton, | ) | Case No. 23-cv-00031 |
| Plaintiff, | ) | |
| v. | ) | Magistrate Judge Helen C. Adams |
| Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation, | ) ) ) ) | **BRIEF IN SUPPORT OF DEFENDANT'S SIXTH MOTION IN LIMINE** (RESISTED) |
| Defendant. | ) | |

COMES NOW Defendant Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific ("DM&E"), by and through counsel, and hereby moves this Court for an Order in Limine directing Plaintiff John Sexton ("Sexton"), his counsel, and his witnesses not to reference or present, during jury voir dire, or any other stage of trial, inadmissible evidence relating to the financial condition of DM&E or DM&E's ability to pay a judgment. In support, DM&E states as follows:

**INTRODUCTION**

Sexton should be precluded from presenting evidence regarding, or otherwise referencing, the financial condition, corporate status, or size of his employer, DM&E, or any of its owners, officers, managers, agents, or employees, or its parent company (Canadian Pacific Kansas City Ltd. ("CPKC")) and any affiliate entities. These characteristics are irrelevant to the question of whether DM&E is liable to Sexton under the Federal Railroad Safety Act ("FRSA") as he claims. Even if such characteristics were relevant, their probative value is substantially outweighed by the risk of unfair prejudice. Additionally, evidence of or reference to these characteristics may confuse the jury, particularly before the jury has made a determination as to liability. Any such evidence

related to DM&E, if presented at all, belongs in a second phase of trial on punitive damages, if ordered by the Court as requested in DM&E's First Motion in Limine.

## ARGUMENT

### I.    APPLICABLE LEGAL STANDARD

This Court admits evidence only if it is relevant. Fed. R. Evid. 402. Relevant evidence is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may not be admitted when it is barred by rule, statute, or the United States Constitution. Fed. R. Evid. 402. One such rule requires the exclusion of relevant evidence when its probative value is "substantially outweighed" by a risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Furthermore, federal law requires, and this Court's own database of Jury Instructions indicates, that parties to a lawsuit are to receive equal consideration. *See, e.g., Menard, Inc. v. MSF Transport, LLC*, No. 4:19-cv-00147-HCA, Final Jury Instruction No. 7 (Dkt. 90) ("The fact that a party is a professional corporation should not affect your decision.  All persons are equal before the law, and professional corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other person.")

Accordingly, the size and assets of DM&E are not relevant to any issue in this case. Evidence or reference at any point during trial regarding DM&E's size, assets, wealth, or ability to pay a judgment likely would undermine the jury's equal treatment of the parties and should be excluded.

II. **THIS COURT SHOULD PRECLUDE SEXTON FROM PRESENTING EVIDENCE REGARDING OR REFERENCING DM&E'S FINANCIAL CONDITION AND/OR DM&E'S ABILITY TO PAY A JUDGMENT**

First, DM&E's financial condition, wealth, power, corporate status, or size, or those of its owners, officers, managers, agents, or employees, are not relevant to any issue in this case. *See Tucker v. Kan. City S. Ry. Co.*, 765 S.W.2d 308, 312 (Mo. App. 1988); *see also Cash v. Union Pac. R.R. Co.*, 2010 U.S. Dist. LEXIS 10041, at *2 (E.D. Ark., Jan. 20, 2010) (granting defendant rail carrier's motion in limine to exclude testimony regarding its financial or pecuniary circumstances).

Second, evidence of or reference to DM&E's financial condition and its ability to pay a judgment would create a significant risk of inflaming the jury and prejudicing DM&E. *See* Fed. R. Evid. 402 and 403. In *Tucker*, the Missouri Court of Appeals affirmed a new trial based in part on improper comparisons during trial about the size, power, and wealth of the rail-carrier employer and the plaintiff employee suing under Federal Employers' Liability Act. 765 S.W.2d at 312. Likewise, when the Eastern District of Arkansas granted the rail carrier's motion in limine in *Cash*, it explicitly excluded arguments or suggestions that the railroad puts profits over people. 2010 U.S. Dist. LEXIS 10041, at *2.

Should the jury enter a verdict against DM&E, previous admission of or reference to DM&E's financial condition and ability to pay a judgment during trial may well require this Court to reverse the jury's damages awards, or at the very least to expend time and resources to entertain such reversal. *See, e.g., Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993) (reversing jury's compensatory and punitive damages awards because plaintiff "offered [totally irrelevant] evidence on [defendant's] net worth and wealth in its quest for a large punitive award.").

**CONCLUSION**

For the above reasons, Defendant respectfully requests the Court GRANT its Sixth Motion

in Limine in its entirety, and for any further such relief as deemed necessary by the Court.

Dated: January 22, 2026

DORSEY & WHITNEY LLP

/s/ Joshua D. Hughes
Joshua Hughes (AT0014950)
hughes.joshua@dorsey.com
Dorsey & Whitney LLP
801 Grand Ave, Suite 4100
Des Moines, IA 50309
Tel: (515) 283-1000
Fax: (515) 598-7704

/s/ John T. Sullivan
John T. Sullivan (pro hac vice)
sullivan.jack@dorsey.com
Briana Al Taqatqa (pro hac vice)
altaqatqa.briana@dorsey.com
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Tel:  (612) 340-2600
Fax:  (612) 340-2868

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2026, I caused the foregoing to be electronically served on Plaintiff via ECF, which provides notice and a copy to Plaintiff's counsel and all other counsel of record:

Megan R. Merritt
SHUTTLEWORTH & INGERSOLL, P.L.C.
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, IA 52406
Phone: (319) 365-9461
Fax: (319) 365-8443
mrm@shuttleworthlaw.com

John D. Magnuson
YAEGER & JUNGBAUER BARRISTERS, P.L.C.
4601 Weston Woods Way
St. Paul, MN 55127
Phone: (507) 330-4777
Fax: (651) 288-0227
jmagnuson@yjblaw.com

Cyle A. Cramer
NICHOLS KASTER, PLLP
80 South Eighth Street
4700 IDS Center
Minneapolis, MN 55402
Phone: (512) 256-3200
Fax: (612) 338-4878
ccramer@nka.com

                                              /s/ Joshua D. Hughes
                                              Counsel for Defendant