IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| John Sexton,<br><br>Plaintiff,<br><br>v.<br><br>Dakota, Minnesota & Eastern Railroad Corporation d/b/a Canadian Pacific, a Delaware Corporation,<br><br>Defendants. | CASE NO. 3:23-CV-00031-HCA<br><br><br>PLAINTIFF'S BRIEF IN SUPPORT OF DESIGNATED DEPOSITION TESTIMONY |

## INTRODUCTION

Plaintiff respectfully requests the Court rule in Plaintiff's favor on certain Defendant objections to Plaintiff's designated depositions, which Plaintiff expects to read in live at trial. In brief, through conferral with Defendant's counsel, Kurtis McKelvey and Tracy Miller no longer work for Canadian Pacific in any capacity and are not within subpoena range of this Court. The parties have agreed, subject to rulings on objections to designated testimony, that the depositions of Mr. McKelvey and Mr. Miller will be read live during trial. Note that Mr. McKelvey was deposed twice, so the deposition transcripts at issue include Mr. McKelvey's November 9, 2023, and May 10, 2024, depositions and Mr. Miller's July 9, 2024, deposition.

On February 17, 2026, Plaintiff requested Defendant reconsider and narrow certain objections to Plaintiff's deposition designations. The morning of February 20, 2026, Defendant agreed to withdraw a few objections. Plaintiff here strictly addresses objections Plaintiff requested Defendant to reconsider, and that Defendant maintains, as Plaintiff strongly disagrees with those objections.

## ARGUMENT

I. **McKelvey May 10, 2024 Deposition:** 22:5-8, 22:18-20, 25:5-8.

a. **22:5-8 and 22:18-20**

The hearsay objection is not well taken. In these brief segments, Mr. McKelvey is questioned about specific documents, including messages that on their face identify him as the sender. He is asked about similar documents immediately before and after these exchanges, providing clear contextual foundation. Mr. McKelvey's testimony that he does not recall sending the messages is not hearsay; it is testimony about his lack of present recollection, not an out-of-court statement offered for its truth. Such testimony does not implicate the hearsay rule.

To the extent Defendant's objection is directed at counsel's reading of the document contents, the statements are likewise not offered for the truth of the matter asserted, but to ask the witness whether he recognizes, recalls, or can explain the communications. Questioning a witness about the contents of a document for identification, context, or memory purposes does not constitute hearsay. Accordingly, the testimony is admissible, and Defendant's hearsay objection should be overruled.

b. **25:5-8**

Again, Canadian Pacific objects to a single question and answer. The question does not seek to elicit testimony from "Kade," who is not the witness, nor is any statement offered for the truth of what Kade purportedly "heard." Mr. McKelvey is testifying about the contents and appearance of a message directed to him and sent in response to a message he authored and is simply acknowledging what the document appears to say.

The testimony is offered for context and identification of the communication, not for the truth of any matter asserted by a non-testifying declarant. Questions asking a witness to confirm what a

document says, or how they understood a message addressed to them, do not constitute hearsay. Accordingly, the testimony is admissible, and the objection should be overruled.

    II.    **Tracy Miller Deposition:** 21:5-13, 21:24-22:5, 22:9-16, 24:12-19, 25:16-25, 26:18-27:4, 39:15-24, 57:5-15, 67:1-24, 106:16-22.

    a.  **21:5-13, 21:24-22:5, 22:9-16**

This line of questioning concerns an email authored by the witness, Tracy Miller himself, and the testimony elicits his explanation of what he meant when he wrote particular statements in that email. A witness's own prior statements, when offered through the witness to explain their meaning or intent, do not constitute hearsay.

Moreover, the questions do not seek to admit the statements for the truth of any factual assertion contained in the email. Rather, counsel is asking the Mr. Miller to interpret and explain his own language, clarify context, and describe his intent at the time of writing. Such testimony is admissible to provide context and understanding of the document and does not implicate hearsay.

Accordingly, because the testimony relates to the witness's own statement and is offered for explanation and context, not for the truth of the matter asserted, the hearsay objections should be overruled.

    b.  **24:12-19, 25:16-25, and 26:18-27:4**

Canadian Pacific makes hearsay objections. The questioning here does not seek to admit the contents of the email for the truth of any matter asserted by the non-testifying author. Rather, counsel is asking Mr. Miller, as the recipient of the email, to characterize how he understood the issues raised and whether he understood the email conveyed safety concerns to him. Testimony regarding the existence, nature, and effect of a communication on the listener is not hearsay. The

questions are directed at what issues were raised with Mr. Miller and how they were presented to him, not whether the underlying complaints were factually accurate.

In the deposition itself, Defense counsel objected that the documents speaks for itself. A witness may be questioned about their understanding of a document they received, including whether it raised safety issues, to provide context and explain subsequent conduct or awareness. Such testimony assists the trier of fact and does not improperly substitute the witness's testimony for the document itself.

### c. 39:15-24

Canadian Pacific's hearsay objections concerns questioning related to an email chain that Mr. Miller received and forwarded, which he confirms here. The testimony is offered to establish the fact of communications and Mr. Miller's understanding of the sequence of events. Mr. Miller's testimony that he forwarded Plaintiff's email and asked Jason Ross whether he talked to Mr. McKelvey is not hearsay, it is evidence of his own conduct and statements. Likewise, testimony identifying Mr. Ross's response is offered to show Mr. Miller's understanding of the events, knowledge of Mr. Ross's involvement and knowledge, as him being the alleged decision-maker in this case. Testimony regarding communications offered to show notice, context, and effect on the listener, as well as the progression of management involvement, does not constitute hearsay. Accordingly, the testimony is admissible, and the hearsay objection should be overruled.

### d. 57:5-15

A witness may testify about what a document communicated to them and the reasonable inferences conveyed by that communication—especially when it comes to the knowledge of Plaintiff's protected activity, whether its actual or constructive. The testimony is offered to

establish what information was relayed to management, and Mr. Miller's understanding of that information, not to provide the ultimate truth of the matter asserted.

Mr. Miller's statement that cutting the tracks would have added extra time reflects a general experiential inference consistent with his career in railroading and his responsibilities. The testimony does not purport to be an exact reconstruction of Mr. Sexton's cutting of the tracks. Accordingly, the testimony is admissible for purposes of context and management understanding.

e. 67:1-24

Defendant objects to this line of questioning about Mr. Miller's bonus as to relevance and foundation. Although Mr. Miller was not the final decision-maker in this case, his testimony regarding his compensation and bonus structure is relevant because Plaintiff explained his protected activity to Mr. Miller, and what Mr. Miller's response and focus was on is relevant. Ultimately, Mr. Miller pawned the issue off to Mr. Ross, who was the alleged decision maker in this case. So, at the same time Mr. Ross is supposedly making the decision to discipline Mr. Sexton is when Mr. Miller decides to hand the safety complaints to Mr. Ross. Mr. Miller occupies a relevant position within the decision-making chain considering he directed Mr. Ross what to do.

The testimony regarding the magnitude of Mr. Miller's bonus is relevant to motive, bias, and credibility. The jury should be able to weigh the theories presented in this case, including Plaintiff's position that to some extent bonus structure and incentives motivate retaliation against Plaintiff's safety related delay. On the other hand, Miller's testimony that he can't remember whether his bonus was closer to $1 million or $25 million could play against Plaintiff's theory because the jury could find that these bonuses are not memorable nor weighed on the mind of management in their decision-making.

d. 106:16-22

The question and answer objected to here is based on an email authored by Plaintiff and sent directly to Mr. Miller. The testimony is offered to establish what information was communicated to Mr. Miller (and then Mr. Ross) and how Mr. Miller understood that communication.

Mr. Miller is not testifying that Mr. McKelvey in fact instructed Plaintiff not to cut the tracks. Rather, he is confirming that, based on the contents of the email he received, the communication conveyed that Mr. McKelvey instructed an engineer not to take what Plaintiff characterized as the safe course. In fact, Mr. Miller then asks Mr. Ross to follow up. Testimony regarding how management understood and interpreted a safety complaint made to them is not hearsay, as it is offered to show notice, context, and effect on the listener.

The testimony is also relevant. Plaintiff's protected activity consisted of raising a safety concern and refusing to work until that concern was resolved. Evidence showing that Plaintiff reported that management personnel were instructing engineers not to take safety-protective actions directly bears on the nature of the protected activity, management awareness of the safety concern, and the reasonableness of Plaintiff's conduct. It further provides context for subsequent management actions.

Accordingly, because the testimony is offered to show what was reported to management and how it was understood, not for the truth of the matter asserted, the objection should be overruled.

## CONCLUSION

The support for testimony here regards objections that target testimony that is central to the issues before the Court. The challenged evidence directly illuminates management's knowledge, motive, and understanding—core elements that the jury must weigh. To exclude such relevant testimony would undermine the jury's ability to evaluate the facts and theories presented. Accordingly, these objections should be overruled to ensure a full and fair consideration of the

Plaintiff's claims and the decisions made by management. The testimony is proper, highly relevant, and essential to resolving this dispute.

Date: February 20, 2026

**YAEGER & JUNGBAUER BARRISTERS, P.L.C.**

s/John D. Magnuson* (MN 027379x)
jmagnuson@yjblaw.com
4661 Highway 61 N. Suite 204
Saint Paul, Minnesota 55110
Telephone: (651) 288-9500
Fax: (651) 288-0227

**NICHOLS KASTER, P.L.L.P.**

Cyle A. Cramer* (MN 0402644)
ccramer@nka.com
80 South Eighth Street, Suite 4700
Minneapolis, Minnesota 55402-2242
Telephone: (612) 256-3200
Fax: (612) 338-4878

**SHUTTLEWORTH & INGERSOLL P.L.C.**

Megan R. Merritt (AT0010635)
mrm@shuttleworthlaw.com
115 3rd Street SE, Suite 500
P.O. Box 2107
Cedar Rapids, Iowa 52406-2107
Telephone: (319) 365-9461
Fax: (319) 365-8443

*Admitted pro hac vice*

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via electronic mail on the following:

>Joshua Hughes
>Hughes.joshua@dorsey.com
>
>John Sullivan
>Sullivan.jack@dorsey.com
>
>Briana Al Taqatqa
>Altaqatqa.briana@dorsey.com

Date: February 20, 2026

s/John D. Magnuson
John D. Magnuson