IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| JOHN SEXTON, | | |
| Plaintiff, | | |
| vs. | | 3:23-cv-00031-HCA |
| DAKOTA MINNESOTA & EASTERN RAILROAD CORP. d/b/a/ Canadian Pacific, | | INITIAL AND PRELIMINARY JURY INSTRUCTIONS |
| Defendant. | | |

## TABLE OF CONTENTS

VOIR DIRE INSTRUCTIONS.................................................................................................. 1

  BEFORE VOIR DIRE........................................................................................................ 1

  RECESS AT END OF VOIR DIRE ................................................................................... 3

PRELIMINARY JURY INSTRUCTIONS ............................................................................. 4

  INTRODUCTION................................................................................................................ 4

  EVIDENCE; LIMITATIONS ............................................................................................. 8

  CONFERENCES AND RECESSES ................................................................................. 10

  NO TRANSCRIPT AVAILABLE; NOTETAKING......................................................... 11

  CONDUCT OF THE JURY............................................................................................... 12

  OUTLINE OF TRIAL....................................................................................................... 16

  DEPOSITION TESTIMONY ........................................................................................... 17

  ADVERSE AND HOSTILE WITNESSES ...................................................................... 18

  STIPULATED FACTS ...................................................................................................... 19

  DUTIES OF JURY; RECESSES....................................................................................... 21

**VOIR DIRE INSTRUCTIONS**

**INSTRUCTION NO. 1:**

**BEFORE VOIR DIRE**

Members of the Jury Panel, we are about to begin the process of selecting which of you will be the jury that tries this case. In that process you will be asked questions by me or by the attorneys or by both that touch on your qualifications to sit as jurors in this case. You will be placed under oath or asked to affirm that you will truthfully and completely answer these questions put to you.

Your undivided attention to this process is very important. So, if you have a cell phone or other communication device, please take it out now and turn it off. Do not turn it to vibration or silent; please power it down or off. During this jury selection process, you must leave it off.

*(Pause for thirty seconds to allow them to comply, then tell them the following:)*

During this jury selection process and during the trial, it is important that all the information you receive about the case comes from the courtroom. So, from now on until you are discharged from the case you may not discuss this case with anyone and that includes the other potential jurors, except during deliberations if you are selected as a juror. However, you may tell your family, close friends, and other people about your participation in this trial, but only so they will know when you are required to be in court. If you do that, please warn them not to ask you about this case or try to tell you anything they know or think they know about it, or discuss this case in your presence.

Also, just as importantly, you must not communicate any information at all about the case to anyone by any means, directly or indirectly, in face-to-face conversation or by any digital media.

1

If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by the opinions of people other than the other jurors. That would not be fair to the parties and it would result in a verdict that is not based entirely on the evidence in court and the law the court gives you.

It is very important that you abide by these rules. Failure to follow these instructions, and indeed any instructions the court gives you during the trial could result in the case having to be retried. And failure to follow these and the court's other instructions could result in you being held in contempt of court and punished accordingly.

Those of you who are selected to try this case will receive similar instructions as we go through the trial.

Are there any of you who cannot or will not abide by these rules concerning communication with others during this trial?

*(Then continue with voir dire.)*

**INSTRUCTION NO. 2:**

**RECESS AT END OF VOIR DIRE**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you earlier.

You must decide this case only from the evidence received by the court here in the courtroom and the instructions on the law that I give you.

Do not read any newspaper or other written account, watch any televised account or streamed video account, or listen to any streamed internet or radio program on the subject of this trial.

Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, its general subject matter, or the law.

You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the evidence received in court and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I might not repeat these things to you before every recess, but keep them in mind until you are discharged.

## PRELIMINARY JURY INSTRUCTIONS

## INSTRUCTION NO. 1

## INTRODUCTION

Members of the Jury: I am now going to give you some instructions about this case and about your duties as jurors. At the end of the trial I will give you more instructions. I also may give you instructions during the trial. All instructions – those I give you now and those I give you later – whether they are in writing or given to you orally – are equally important and you must follow them all.

You must leave your cell phone, PDA, smart phone, iPhone, tablet computer, and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are not allowed to have those devices in the jury room during your deliberations. You must give them to the Clerk for safekeeping just before you start to deliberate. They will be returned to you when your deliberations are complete.

This is a civil action that involves a retaliation claim under the Federal Railroad Safety Act ("FRSA"), brought by Plaintiff John Sexton ("Plaintiff") against his employer, Defendant Dakota, Minnesota & Eastern Railroad d/b/a Canadian Pacific ("Defendant"). Plaintiff is employed by Defendant as a locomotive engineer.

In February 2021, Plaintiff was disciplined by Defendant with a twenty-day suspension without pay. According to Defendant, Plaintiff failed a rules compliance test. Plaintiff maintains that he did not fail this test. According to Defendant, on February 1, 2021, Plaintiff was operating a locomotive in the Nahant Yard in Davenport when he failed to comply with railroad Rule 5.3.7,

which requires that engineers must stop their trains "within half the distance specified unless additional instructions are received."

Plaintiff maintains that he did not violate Rule 5.3.7. He alleges that the 20-day suspension without pay that he received was retaliation against him for engaging in activity protected by the FRSA earlier on February 1, 2021. Specifically, Plaintiff contends that he refused to operate a train until snow and ice were cleared (or "cut") from nearby track crossings and rail. Plaintiff asserts that this refusal to operate the train was protected activity under the FRSA. Plaintiff contends that he was not disciplined for failing the rules compliance test on February 1, 2021, but rather for refusing to operate his train until the snow and ice was cleared earlier on February 1, 2021. Defendant denies that there is any connection between Plaintiff's refusal to operate his train and the 20-day suspension without pay and maintains Plaintiff was suspended only because he violated Rule 5.3.7.

Prior to disciplining Plaintiff, Defendant initiated an investigation about whether Plaintiff had violated Rule 5.3.7. The investigation involved a hearing during which Plaintiff and Defendant presented witnesses, information, and arguments. According to Defendant, the information presented at the hearing substantiated that Plaintiff violated Rule 5.3.7. Plaintiff disagrees.

The parties have stipulated (agreed) that Plaintiff appealed his 20-day suspension without pay through a process agreed to by Defendant and the union that represents Plaintiff. Through the process, the dispute was eventually submitted to a body called the Public Law Board, which issued a written decision on August 26, 2022. In that decision, the Public Law Board removed the 20-day suspension without pay from Plaintiff's disciplinary record and directed that he be compensated

for all time lost. Per the Public Law Board's decision, Defendant removed the discipline from Plaintiff's record and paid him back pay for the 20 days he had been suspended.

Plaintiff is seeking a verdict that Defendant violated the FRSA and an award of emotional distress damages in this trial.

It will be your duty to decide from the evidence which party is entitled to your verdict on the claim, and what, if any, damages Plaintiff should be awarded. You will be further instructed on the legal elements of the parties' claims at the end of the trial.

Your duty is to decide what the facts are from the evidence.  You are allowed to consider the evidence in the light of your own observations and experiences.  After you have decided what the facts are, you will have to apply those facts to the law, which I give you in these and in my other instructions.  That is how you will reach your verdict.  Only you will decide what the facts are.  However, you must follow my instructions, whether you agree with them or not.  You have taken an oath to follow the law that I give you in my instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witnesses' intelligence; their opportunity to have seen or heard the things they testified about; their memory; any reasons they may have for testifying a certain way; how they acted while testifying; whether they said something different at another time; whether their testimony is generally reasonable; and whether or to what extent their testimony is consistent with other evidence you believe.

Do not let sympathy, or your own likes or dislikes, influence you.  The law requires you to come to a just verdict based only on the evidence, your common sense, and the law that I give you in my instructions, and nothing else.

Nothing I say or do during this trial is meant to suggest what I think of the evidence or what I think your verdict should be.

**INSTRUCTION NO. 2**

**EVIDENCE; LIMITATIONS**

When I use the word "evidence," I mean the testimony of witnesses; documents and other things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other facts that I tell you to accept as true.

Some things are not evidence.  I will now tell you what is not evidence:

1.      Lawyers' statements, arguments, questions, and comments are not evidence.

2.      Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.      Objections are not evidence.  Lawyers have a right – and sometimes a duty – to object when they believe something should not be a part of the trial.  Do not be influenced one way or the other by objections.

If I sustain a lawyer's objection to a question or an exhibit, that means the law does not allow you to consider that information.  When that happens, you have to ignore the question or the exhibit, and you must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not consider them.

5.      Anything you see or hear about this case outside the courtroom is not evidence, and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and not for any other purpose.  If that happens, I will tell you what purpose you can consider the evidence for and what you are not allowed to consider it for.  You need to pay close attention when

I give an instruction about evidence that you can consider for only certain purposes, because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**INSTRUCTION NO. 3**

**CONFERENCES AND RECESSES**

Throughout the trial, I will sometimes need to talk privately with the lawyers.  I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.  Either way, please understand that while you are waiting, we are working.  We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion or mistakes.  We will do what we can to limit the number of these conferences and to keep them as short as possible.

**INSTRUCTION NO. 4**

**NO TRANSCRIPT AVAILABLE; NOTETAKING**

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented. The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them on your chair.

When you leave at night, your notes will be secured and not read by anyone other than you. The notes will remain confidential throughout the trial and will be destroyed at the conclusion of the trial.

**INSTRUCTION NO. 5**

**CONDUCT OF THE JURY**

Jurors, to make sure this trial is fair to all parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me.  If someone tries to talk to you about the case during the trial, please report it to the Courtroom Deputy or Court Security Officer.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers, or witnesses in this case – not even to pass the time of day.  It is important not only that you do justice in this case, but also that you act accordingly.  If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is just about the weather – that might raise a suspicion about your fairness.  So, when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you must understand that they are not being rude.  They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, you may need to tell your family, close friends, and other people that you are a part of this trial.  You can tell them when you have to be in court. But you must warn them not to ask you about this case, tell you anything they know or think they know about this case, or talk about

12

this case in front of you. Remember, you must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you talk about the case with someone besides the other jurors during deliberations, it looks as if you might already have decided the case or that you might be influenced in your verdict by their opinions. That would not be fair to the parties, and it might result in the verdict being thrown out and the case having to be tried over again.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, a tablet or computer, any online service, any text or instant messaging service, any Internet chat room, blog, website, or application, such as Facebook, Tik-Tok, Instagram, Snapchat, YouTube, WhatsApp, Twitter (or "X,") or use any other way to communicate to anyone any information about this case until I accept your verdict. In other words, do not communicate with anyone about this case – except for the other jurors during deliberations—until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, newspapers, dictionaries, or otherwise—and do not investigate this case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or other means to search for or view any place discussed in the testimony.

*Seventh*, do not read or otherwise receive any information, including any news stories or Internet articles or blogs that are about the case, or about anyone involved with it. Do not listen to

13

any radio or television reports, or digital streaming, about the case or about anyone involved with it.  In fact, until the trial is over I suggest that you avoid reading or receiving any digital streaming or any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all.  I do not know whether there will be news reports about this case, but if there are, you might accidentally find yourself reading or listening to something about the case.  If you want, you can have someone clip out any stories and set them aside to give to you after the trial is over.  I assure you, that by the time you have heard all the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have you decide their case based only on evidence admitted here in court.  If you research, investigate, or experiment on your own, or get information from other places or sources, your verdict might be influenced by inaccurate, incomplete, or misleading information.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through cross-examination.  All of the parties are entitled to a fair trial before an impartial jury, and you have to conduct yourselves in a way that assures the integrity of the trial process.  If you decide a case based on information not admitted in court, you will deny the parties a fair trial.  You will deny them justice.  Remember, you have taken an oath to follow the rules, and you must do so. If you do not, the case might have to be retried, and you could be held in contempt of court and possibly punished.

*Eighth*, do not make up your mind during the trial about what your verdict should be.  Keep an open mind until after you and your fellow jurors have discussed all the evidence.

*Ninth,* it is important that you discharge your duties as jurors without discrimination or bias against any party, witness, or counsel on account of that person's race, color, ethnicity, national

origin, religion, lack of religion, gender, gender identity, sexual orientation, disability, or economic circumstances.

**INSTRUCTION NO. 6**

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, Plaintiff's lawyer may make an opening statement. Next, Defendant's lawyer may make an opening statement.  An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during trial.

After opening statements, Plaintiff will present evidence. Defendant's lawyer will have a chance to examine Plaintiff's witnesses. After Plaintiff has finished presenting his case, Defendant may present evidence, and Plaintiff's lawyer will have a chance to examine Defendant's witnesses.

After you have seen and heard all of the evidence from both sides, the lawyers will make closing arguments that summarize and interpret the evidence.  Just as with opening statements, closing arguments are not evidence.  Before the closing arguments, I will instruct you further on the law. After the lawyers' arguments and after the Court's instructions, you will go to the jury room to deliberate and decide on your verdict.

**INSTRUCTION NO. 7**

**DEPOSITION TESTIMONY**

You may hear witnesses testify through deposition testimony. A deposition is the recorded answers a witness made under oath to questions asked by lawyers before trial. The deposition testimony to be offered was recorded in writing and will be read to you during the trial. You should not place any significance on the manner or tone of voice used to read the witness's answer to you. You should consider the deposition testimony, and judge its credibility, as you would that of any witness who testifies here in person.

## INSTRUCTION NO. 8

### ADVERSE AND HOSTILE WITNESSES

From time to time in this trial, a party may call a person as an adverse or hostile witness. You are advised that, in trials such as this, the calling of an adverse or hostile witness is permitted. Any party who calls an adverse or hostile witness, or any witness for that matter, is not bound to accept the testimony of the witness as true. A party calling an adverse witness, moreover, has the right to impeach or contradict an adverse witness and the testimony of such witness. Additionally, an adverse or hostile witness may be interrogated by leading questions.

**INSTRUCTION NO. 9**

**STIPULATED FACTS**

The parties may stipulate— that is, they agree—that certain facts are as counsel state into the record during trial.  You should treat those facts as having been proved.

The parties have agreed that the following facts are true.

1.   On February 1, 2021, John Sexton was the engineer for the train assignment 474-31.

2.  Justin DePover was Mr. Sexton's conductor on February 1, 2021.

3.  On February 1, 2021, assistant trainmaster Kurtis McKelvey was Mr. Sexton's manager.

4.  CP sent Mr. Sexton a letter dated February 4, 2021, informing him and Mr. DePover to attend a formal investigation "to determine the facts and circumstances and to place your responsibility, if any, in connection with your alleged: Failure to stop within half the specified distance given while shoving into track NA04. This incident allegedly occurred at approximately 12:49 hours on February 1, 2021 while working Train 474-31 at Nahant yard. The following Carrier witnesses known at this time to likely have knowledge of the incidence and/or evidence relative to this investigation/hearing requested to attend: Tom Jared, Dylan Smith."

5.  A disciplinary investigation occurred on February 10, 2021.

6.  Mr. Sexton received discipline dated February 26, 2021, of a 20-day suspension without pay.

7.  Under the Collective Bargaining Agreement between DM&E d/b/a CP and Plaintiff's union, the Brotherhood of Locomotive Engineers and Trainmen, employees or the union may appeal assessed discipline.

19

8.  If the railroad and the union cannot resolve this appeal, the matter may be submitted to a Public Law Board—an arbitration tribunal established by law or agreement—for review. This board does not consider nor determine whether the disciplinary decision violated any law, including the law in this action, the Federal Railroad Safety Act.

9.  In this case, Plaintiff challenged the discipline imposed by Defendant through the grievance process. Defendant denied the appeal. The dispute was then submitted to Public Law Board No. 7667 (Case No. 353), which issued a written decision on August 26, 2022. In that decision, the Public Law Board removed the 20-day suspension without pay from Plaintiff's disciplinary record and directed that he be compensated for all time lost.

10. Per the Public Law Board's decision, Defendant removed the discipline from Plaintiff's record and paid him back pay for the 20 days he had been suspended.

11. The written Public Law Board decision itself—its text, finding, and reasoning—will not be admitted as an exhibit, will not be read to you, and will not be provided during deliberations. You are simply being told the outcome of that proceeding under the Collective Bargaining Agreement because it resulted in Plaintiff being paid for the time he had been suspended and because it removed the suspension from Plaintiff's disciplinary record with Defendant.

12. You should not speculate about why the Public Law Board made its decision. The Public Law Board does not decide whether the discipline was retaliatory under the Federal Railroad Safety Act; that is the job of the jury.

**INSTRUCTION NO. 10:**

**DUTIES OF JURY; RECESSES**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read or listen to any statements about this trial in any method of communication, including any newspaper or other written account, any televised account, any radio program, any digital streaming or other production, on the Internet or elsewhere. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

March 9, 2026
DATE

_____
HELEN C. ADAMS
UNITED STATES MAGISTRATE JUDGE